**HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Plaintiff in Error,**

v.

**Ronald E. KRUEGER, Defendant in Error.**

**No. 43059.**

Supreme Court of Oklahoma.

June 29, 1971.

Ben A. Goff, Oklahoma City, for plaintiff in error.

Foliart, Shepherd, Mills & Niemeyer by David W. Edmonds, Oklahoma City, for defendant in error.

Monnet, Hayes, Bullis, Grubb & Thompson by John T. Edwards, Oklahoma City, for amicus curiae Travelers Ins. Co. and American Ins. Assn.

Howard K. Berry, Jr., Oklahoma City, for amicus curiae Oklahoma Trial Lawyers Assn.

DAVISON, Vice Chief Justice.

Hardware Dealers Mutual Fire Insurance Company (plaintiff below) appeals from a judgment rendered in favor of Ronald E. Krueger (defendant below) when the trial court, based on the pleadings and stipulation of the parties, sustained defendant's motion for summary judgment.

The facts are that plaintiff issued an automobile liability insurance policy to one C. R. Horne providing for payment of reasonable medical expense incurred within one year by Horne or a relative as a result of an accident, while occupying the automobile. Mrs. Horne, while operating the car, had a collision with a car driven by defendant, and plaintiff paid the medical expenses of Mrs. Horne to the extent of $1444.86. Mrs. Horne settled her claims against defendant for her personal injuries and executed a general release. This settlement was made with full knowledge of all concerned of the claim of plaintiff that under the terms of the policy it was subro-

gated to the rights of the injured Mrs. Horne against the defendant.

Plaintiff then sued defendant (tortfeasor) to recover the above amount, alleging the collision was due to the negligence of defendant. No issue is raised concerning the sufficiency of the petition to allege defendant's negligence. Plaintiff's alleged right to maintain the action was based upon the subrogation provisions in the policy and in the subrogation receipts given to plaintiff by Horne and his wife upon payment of the medical expense. In this respect the policy provides as follows:

"In the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor which the insured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

The wording in the receipts is practically identical.

The insertion of medical payment terms in automobile liability policies with provision for subrogation rights in the insurer has caused extensive litigation. See Annotation 19 A.L.R.3rd 1054, and Harleysville Mutual Insurance Company v. Lea, 2 Ariz.App. 538, 410 P.2d 495, and Higgins v. Allied American Mutual Fire Ins. Co. (Dist.Col.Ct.App.) 237 A.2d 471, for divergent views and for citations.

Subrogation has been defined as:

"The substitution of one person in the place of another with reference to a lawful claim, demand or right, Whyel v. Smith, 101 Fla. 971, 134 So.2d 552 [134 So. 552], 554; so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. Home Owners' Loan Corporation v. Baker, 299 Mass. 158, 12 N.E.2d 99 [12 N.E.2d

199]." Black's Law Dictionary, 4th Edition.

In 6 Am.Jur.2d Assignments, Sec. 1, the word assignment is discussed and defined as follows:

"The word assignment is sufficiently comprehensive to include the transfers of all kinds of property and property rights and is sometimes used synonymously with 'grant' so as to operate as a conveyance of the title to real property, but ordinarily it is limited in its application to the transfer of intangible rights, including contractual rights, choses in action, and rights in or connected with property as distinguished from the property itself. * * *"

The terms of the policy and receipts subrogate plaintiff, to the extent of the medical expense, "to all the rights of recovery therefor which" the Hornes have against the person liable for the injuries. Regardless of the words used it appears to us that the above provisions merely attempt to change (by transfer) the party entitled to enforce the personal injury claim of Mrs. Horne against the defendant tortfeasor. As applied to the present circumstances there is nothing distinguishable between the effect of subrogation and assignment. While subrogation and assignment have certain technical differences, each operates to transfer from one person to another a cause of action against a third person, and the reasons of policy which make certain causes of action nonassignable would seem to operate as forcefully against the transfer of such causes of action by subrogation. Peller v. Liberty Mutual Fire Insurance Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41; Travelers Indemnity Co. v. Chumbley (Mo.App.) 394 S.W.2d 418, 19 A.L.R.3d 1043, 1050; Wrightsman v. Hardware Dealers Mutual Fire Ins. Co., 113 Ga.App. 306, 147 S.E.2d 860; and Fifield Manor v. Finston, 54 Cal.2d 632, 7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813, 819, 820.

At common law a chose in action for personal injuries could not be assigned

(Chicago, R. I. & P. Ry. Co. v. Bankers' Nat. Bank, 32 Okl. 290, 122 P. 499, 500. To the present day, in the absence of statutes to the contrary, tort actions for personal injuries do not survive and are not assignable. Harleysville Mutual Insurance Company v. Lea, supra.

Our statute, 12 O.S.1961, § 221, is as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article *but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.*" (emphases supplied)

Plaintiff's action is one based upon the alleged negligence of the defendant, in the operation of his automobile, to recover medical expense arising because of such negligence. The action is a pure tort action.

In Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 104 P. 51, and McCoy v. Moore, 185 Okl. 253, 91 P.2d 87, we held that a right of action for a pure tort is not assignable. In the Shutt case the above statute was reviewed and discussed. The court construed and held that what is now 12 O.S.1961, § 221, effectively denied any right to assign a cause of action based upon a pure tort. See also Ashton v. Noble, 46 Okl. 296, 148 P. 1042, 1043.

We recently held that a single tort or wrong to a single person gives rise to but a single action, however numerous the items of damage resulting from the single wrong or tort may be. Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., Okl., 436 P.2d 654. In the present case the medical expense of Mrs. Horne was but one item of her damage resulting from the single wrong practiced upon her.

The cited cases of Harleysville Mutual Insurance Company v. Lea, Peller v. Liberty Mutual Fire Insurance Co., Travelers Indemnity Co. v. Chumbley, Wrightsman v. Hardware Dealers Mutual Fire Ins. Co., and Fifield Manor v. Finston, supra, all support the conclusion that plaintiff could not, either by subrogation or assignment, enforce payment of the medical expense by the defendant tortfeasor under the present circumstances.

In the present case the plaintiff is attempting to do something indirectly which it could not do directly.

If an insurance company is to be allowed the right to secure itself by subrogation to the insured's right to enforce a claim arising out of personal injuries against a third party tortfeasor, that right must emanate from legislative action and not from court-made law.

Affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., dissents.