in Error,
**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff**
v.
**FARMERS INSURANCE EXCHANGE, a Foreign Corporation, et al., Defendants in Error.**
No. 43943.

Supreme Court of Oklahoma.
Sept. 21, 1971.

Robert S. Baker, Oklahoma City, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for plaintiff in error.

Harvey L. Harmon, of Franklin, Harmon & Satterfield, Inc., Oklahoma City, for defendants in error Perry E. Hodge and Helena Hodge.

Foliart, Shepherd, Mills & Niemeyer, by David W. Edmonds, Oklahoma City, for plaintiff in error Juanita Christene Barton

and for defendant in error Farmers Ins. Exchange.

DAVISON, Vice Chief Justice.

State Farm Fire and Casualty Insurance Company (plaintiff below) appeals from a judgment rendered in favor of Farmers Insurance Exchange, Perry E. Hodge and Helena Hodge (defendants below) when the trial court sustained the named defendants' motions for summary judgment, based on the pleadings, stipulation of the parties, and answers to requests for admissions.

Juanita Christene Barton (defendant below) also appeals from a judgment against her and in favor of State Farm for $1500.-00, based on the same above described record.

The circumstances are that State Farm furnished an automobile liability policy to Perry E. Hodge that provided under Coverage C for payment of reasonable medical expenses incurred within one year by him or his spouse as a result of an accident while occupying the automobile, but limited to $1000.00 for each person. While traveling in the automobile the Hodges were injured in a collision with an automobile driven by Barton. The medical expenses of the Hodges were substantially in excess of $1000.00 for each of them. State Farm paid each of the Hodges $1000.00 for this expense. Thereafter, the Farmers Insurance Exchange, as insurer of Barton and on behalf of Barton, paid to the Hodges a substantial sum in settlement of their personal injury claims against Barton. This settlement was made with full knowledge of all concerned that State Farm claimed that by reason of the terms of its insurance policy with Perry E. Hodge it was subrogated, to the extent of the money paid by it, to the proceeds of any settlement or judgment resulting from the exercise of rights of recovery the Hodges had against Barton.

State Farm then sued Barton (tort-feasor), Farmers (tort-feasor's insurer) and the Hodges (insureds of State Farm), to recover the $2000.00 paid on the Hodges'

medical expenses. This amount was reduced by a stipulation that if State Farm was entitled to recover at all, the amount of the recovery would be $1500.00. The parties stipulated that the liability for the accident was Barton's. As stated, the trial court rendered judgment for State Farm against Barton (tort-feasor) for $1500.00, and denied State Farm any recovery against the other defendants.

The provision in State Farm's insurance policy upon which it bases its right to recover the Coverage C, Medical Payments, is as follows:

"On payment under Coverage C of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

As to the defendants Barton and Farmers, we do not, from a legal standpoint, see any material difference between the present situation and the circumstances in our recent decision in Hardware Dealers Mutual Fire Insurance Company v. Krueger, Okl., 486 P.2d 737. In that case we held that under the circumstances there was nothing distinguishable between the effect of subrogation and assignment in transferring rights of recovery because of personal injuries resulting from negligence of a tort-feasor. We said that the statute, 12 O.S.1961, § 221, and our decisions prohibited such transfer.

■ It is our conclusion that the subrogation clause in State Farm's policy is only a subterfuge to avoid the prohibition against transfer of a personal injury claim. The trial court correctly held that State Farm could have no recovery against Farmers Insurance Exchange, but the trial court erred in holding that State Farm could recover against the tort-feasor Barton. It was error to render the $1500.00 judgment against Barton.

■ With regard to the Hodges, the situation and the legal effect thereof is entirely different. Their medical expense was partially paid by State Farm pursuant to the contractual provisions of the insurance policy. In accepting the benefits of the policy they are bound by the terms thereof. The policy provides, supra, that State Farm shall be subrogated to the extent of the medical payments to the proceeds of any settlement resulting from the exercise of the rights of recovery of the injured persons. It was stipulated that State Farm properly served notice of its medical subrogation rights on the Hodges prior to the settlement of Farmers with them. The Hodges settled their claims in the face of the policy terms and express notice thereof by State Farm. The Hodges have received settlement and under the policy provisions State Farm is entitled to be recompensed for the medical expense it has paid, unless it faces the same obstacle that keeps it from securing a judgment against the tort-feasor Barton.

■ However, the Hodges cannot avail themselves of the defense that a cause of action in tort cannot be assigned. In Harris v. Tipton, 185 Okl. 146, 90 P.2d 932, 935, the court held that an assignor is not permitted to raise, as against his assignee, the question that a cause of action in tort cannot be assigned, "and it is right and just that he should not be permitted to do so, for a more perfect illustration of the necessity for the doctrine of estoppel could hardly be stated. The rule that an assignor cannot as against his assignee allege nonassignability is well settled."

The trial court erred in denying State Farm any recovery against the Hodges.

The Act of the 1971 Legislature pertaining to limitations on subrogation and set-off under medical coverage became effective May 5, 1971 and was not in effect at the time the involved cause of action ac-

crued. We therefore do not consider said Act.

The judgment of the trial court denying recovery against Farmers is affirmed. The judgment in favor of State Farm against Juanita Christene Barton is reversed and cause is remanded with directions to render judgment in favor of Barton. The judgment denying recovery against Perry E. Hodge and Helena Hodge is reversed and remanded with directions to render judgment in favor of State Farm and against the Hodges for $1500.00.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., concurs as to the judgment of Farmers and Barton and dissents as to Hodges.