**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Incorporated, Plaintiff in Error,**

v.

**Esther INGLE, Defendant in Error.**

**No. 42539.**

Supreme Court of Oklahoma.

Feb. 1, 1972.

Rehearing Denied March 14, 1972.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Tulsa, for plaintiff in error.

Walker, Iverson & Farrar, Tulsa, and Lincoln Battenfield, Pryor, George A. Farrar, Tulsa, for defendant in error.

HODGES, Justice.

Defendant below issued an automobile liability insurance policy containing medical pay coverage to plaintiff. The insured, plaintiff was injured in an automobile collision. Proper proof and claim was filed with the insurer. Insurer required that insured sign a subrogation agreement before payment of claim and insured refused. Suit was filed and the court sitting without a jury rendered judgment in favor of insured and insurer appeals. Affirmed.

The question presented on appeal is whether the insurer can require insured to sign a subrogation agreement as a condition precedent to payment of an otherwise valid claim under medical pay coverage C of its policy.

The clause under which insurer denied payment because of insured's alleged breach of contract is par. 11, which follows:

> "11. Subrogation—Coverages A, B, C, D and E. Upon payment of a loss, the Company shall succeed to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and shall do nothing after loss to prejudice them."

Insurer maintains that insured is required by the terms of the policy to sign a subrogation agreement and wrongfully refused to do so, thereby breaching the contract of insurance. Insurer claims its rights were prejudiced when insured wrongfully refused to sign a subrogation agreement thereby causing the statute of limitations to run on insurer's cause of action against the third party.

In two recent cases we have held that as between an insurer and a third party tortfeasor, a medical pay subrogation clause in an insurance policy is void as being in violation of the common law rule on the nonassignability of a cause of action in tort. Hardware Dealers Mutual Fire Insurance Company v. Krueger, 486 P.2d 737 (Okl.1971), and State Farm Fire & Casualty Insurance Co. v. Farmers Insurance Exchange, 489 P.2d 480 (Okl. 1971).

Assuming in this case the insured had signed the subrogation agreement, the insurer could not under these recent pronouncements enforce his subrogation rights against a third party tortfeasor. The insurer therefore was not prejudiced by the insured's refusal to sign the subrogation agreement.

Judgment affirmed.

All Justices concur.