Berry & Berry by Howard K. Berry, Jr., Oklahoma City, for plaintiff in error.

Hunt & Thomas by Jake Hunt, Oklahoma City, for defendant in error.

HODGES, Justice.

The question presented on appeal concerns the enforceability of a medical pay subrogation clause as between an insured and his insurer.

Plaintiff, Louis Blocker, was seriously injured in a two-car accident. He filed a personal injury action against the driver of the other car seeking damages for injuries sustained. A settlement was entered into between the parties which included medical expenses, and the action no longer pends.

Subsequently, plaintiff Blocker filed an action in the present case against the National Discount Insurance Company for breach of contract alleging that he carried a public liability insurance policy with the defendant insurer which provided that the insurer would pay medical expenses of the insured not in excess of $2,000.00. Plaintiff alleged he incurred medical expenses in excess of $2,000.00, but that insurer had refused to pay the demand of $2,000.00 for payment of these bills.

National Discount defended on the ground that the insurance policy expressly

**Louis BLOCKER, Plaintiff in Error,**

**v.**

**NATIONAL DISCOUNT INSURANCE COMPANY, a domestic insurance corporation, Defendant in Error.**

**No. 43406.**

Supreme Court of Oklahoma.

Feb. 1, 1972.

granted them subrogation rights and that plaintiff was contractually obligated not to prejudice the insurer's right of subrogation. Plaintiff alleged the settlement of the common law action abrogated their subrogation right under the policy. On application of the insurer the trial court sustained a motion for summary judgment and plaintiff appeals.

In Hardware Dealers Mutual Fire Insurance Company v. Krueger, Okl., 486 P.2d 737 (1971), we held that as between an insurer and a third party (tortfeasor) the subrogation clause for medical pay in an automobile public liability insurance contract is void. We concluded that such a subrogation would in effect be allowing the assignment of a personal injury in violation of the historic common law rule.

In a later case in State Farm Fire & Casualty Insurance Co. v. Farmers Insurance Exchange, Okl., 489 P.2d 480 (1971), we cited and followed the Hardware Dealers case and again refused to allow an insurer any subrogation rights against a third party tortfeasor. However, in that case, we also held that as between an insurer and their insured the medical pay subrogation clause is enforceable. There the insurer paid the insured his medical expenses pursuant to the contractual provisions of the insurance policy. Subsequently, the insured settled his lawsuit against the third party tortfeasor even though beforehand the insurer served notice on the insured of their subrogation rights. We held an insured is estopped from asserting against his insurer the nonassignability of a cause of action in tort.

In the present there is no evidence that National Discount served notice on plaintiff Blocker of their subrogation rights before he settled his claim with the third party tortfeasor, but, in any event, we find it immaterial. The insurance policy expressly provided for medical pay subrogation and plaintiff is bound by its presence in the contract. Applying the rule announced in the State Farm case, we find the trial court properly entered a summary judgment for the defendant.

Judgment affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, McINERNEY, and BARNES, JJ., concur.

LAVENDER, J., concurs in result.