Owen KING, Plaintiff in Error,

v.

Clarence E. WOODWARD et al., Defendants in Error.

No. 43889.

Supreme Court of Oklahoma.

March 28, 1972.

Rehearing Denied May 16, 1972.

Ed Abel, Lampkin & Wolfe, Oklahoma City, for plaintiff in error.

Alex Cheek, William C. McAlister, Cheek, Cheek & Cheek, Oklahoma City, for defendants in error.

HODGES, Justice.

Plaintiff, Owen King, was injured in an automobile accident while a passenger in a car driven by Julian Byron Shadle. As a result of his injuries, Shadle's insurer, Employers Casualty Corporation paid to plaintiff the sum of $1,698.51 for his medical expenses under a medical pay insurance provision, which also contained a subrogation clause. Upon receiving payment plaintiff executed a written agreement wherein he specifically covenanted as follows:

"Covenant: The undersigned agrees that in consideration of the payment made hereunder that such payment shall be applied toward a settlement of any claim or the satisfaction of any judgment for damages against insured because of bodily injury arising out of the accident to which the liability coverage of this policy applies."

Subsequently, plaintiff brought an action against Shadle and the driver of the other car, Clarence E. Woodward, seeking damages for injuries suffered in the accident including damages for medical expenses. Thereafter, Shadle's insurer, Employers Casualty Corporation filed in the case a Petition in Intervention setting out the payment made by them to plaintiff under the medical pay insurance coverage and alleged they are entitled to be indemnified in the event plaintiff recovers judgment against Shadle and Woodward.

The case was tried resulting in a jury verdict in favor of plaintiff against Shadle and Woodward for $27,000.00. Thereafter, Shadle paid plaintiff $2,000.00 in full and complete satisfaction of the judgment against him for which plaintiff gave a Release and Satisfaction of Judgment. The trial court then rendered judgment in favor of Employers Casualty against the plaintiff in the amount of $1,698.51 as recoupment for money paid in the medical pay policy.

Plaintiff appeals from this judgment alleging the subrogation provision of the medical pay coverage amounted to an assignment of a cause of action arising in tort which is invalid and unenforceable.

We have recently held an insurer cannot recover against a third party tortfeasor for medical expenses paid under a medical pay insurance clause. Hardware Dealers Mutual Fire Insurance Co. v. Kruger, Okl., 486 P.2d 737 (1971). The same principle, however, does not apply to parties who are paid by an insurer pursuant to the contractual provisions of the insurance policy. In State Farm Fire & Casualty Insurance Co. v. Farmers Insurance Exchange, 489 P.2d 480 (1971) we said that when an insured is paid medical expenses under a medical pay provision he has accepted the benefits of the policy and is bound by its terms. In such an event he cannot avail himself of the defense that a cause of action in tort cannot be assigned. See also, Blocker v. National Discount Insurance Co., Okl., 493 P.2d 825 (1972).

Although the plaintiff in this case is not the insured he accepted the benefits of the policy and entered into a separate agreement with the insured. He is therefore bound by the terms of that agreement. The agreement provides the amount of payment shall be applied toward the settlement of any claims, or the satisfaction of any judgment for damages entered in his favor. The contractual provisions of the agreement foreclose plaintiff from receiving twice the same expenses.

Judgment affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, IRWIN, LAVENDER, McINERNEY, and BARNES, JJ., concur.