**Matthew CHAPLIN, Jr., Plaintiff,**

v.

**Bobby E. BRUCE, d/b/a Bruce Trucking Company, Bobby E. Bruce, Individually, et al., Defendants.**

**Civ. No. 72-563.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Dec. 12, 1972.

Joseph A. Claro, Oklahoma City, Okla., for plaintiff.

John E. Wheatley, Yukon, Okla., John D. Cheek, Oklahoma City, Okla., for defendants.

ORDER

DAUGHERTY, District Judge.

Defendant Bruce Trucking Company by Motion seeks to join United States Fidelity & Guaranty Company herein as an additional party plaintiff claiming that it is subrogated as a matter of Oklahoma law to a portion of Plaintiff's action by reason of payments made to Plaintiff under a workmen's compensation insurance policy. Plaintiff opposes said Motion on the ground that recent Oklahoma decisions have ruled that the anti-assignment portion of 12 Okl.St.Ann. § 221 prohibits action by

an insurer-subrogee against the injured party's tortfeasor with respect to medical payments under automobile policies.[1] It is clear that these cases are inapplicable to the case at bar. They apply by their own terms to medical pay provisions in automobile liability policies, not workmen's compensation policies. Moreover, there is direct statutory authority for subrogation of a workmen's compensation insurer, 85 Okl.St.Ann. § 44(a), and both the Oklahoma Supreme Court and our Court of Appeals have recognized the subrogation rights of such an insurer. Travelers Insurance Co. v. Leedy, 450 P.2d 898 (Okl.1969); White Motor Corporation v. Stewart, 465 F.2d 1085 (10 Cir. 1972); Oklahoma Natural Gas Co. v. Mid-Continent Casualty Co., 268 F.2d 508 (10 Cir. 1959). Thus, there exists in the law of Oklahoma a substantive right under state law for a workmen's compensation insurer to proceed against and recover its interest in its insured's claim against the tortfeasor. 85 Okl.St.Ann. § 44(a) and cases cited above.[2] Therefore, under Rule 17(a), F.R.Civ.P., such an insurer is a real party in interest and must be joined on timely motion of a Defendant. Gas Service Company v. Hunt, 183 F.2d 417 (10 Cir. 1950); Public Service Company of Oklahoma, et al. v. Black & Veatch, 467 F.2d 1143 (10 Cir. 1972).

For reasons set out above, United States Fidelity & Guaranty Company should be made an additional party plaintiff herein. The above-named Defendant may take appropriate action to cause said additional party plaintiff to be brought into this action. Upon this being accomplished, said additional party plaintiff herein shall either file its own Complaint herein or adopt the Complaint of the original Plaintiff. When either is accomplished Defendants will answer thereto within ten (10) days thereafter.

1. Hardware Dealers Mutual Fire Insurance Company v. Krueger, 486 P.2d 737 (Okl.1971); State Farm Fire & Cas. Ins. Co. v. Farmers Ins. Exchange, 489 P.2d 480 (Okl.1971); Blocker v. National Discount Insurance Company, 493 P.2d 825, 826 (Okl.1972); Oklahoma Farm Bureau Mutual Ins. Co. v. Ingle, 494 P.2d 320, 321 (Okl.1972); King v. Woodward, 496 P.2d 801 (Okl.1972).

2. Plaintiff's insurer issued its policy in Louisiana and Plaintiff is a Louisiana citizen. Should the law of Louisiana and not Oklahoma apply to the subrogation issue, Louisiana Statutes lead to precisely the same result:

"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.

Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent." L.S.A.–R.S. 23:1101

*　　*　　*　　*　　*

"D. The insurer shall be subrogated to all rights and actions which the employer is entitled to under this Chapter." L.S.A.–R.S. 23:1162