Thomas W. PATTON, Plaintiff–
Appellant,

v.

Beverly JENKINS, Defendant–Appellee.

William DUCA, Plaintiff–Appellant,

v.

Ted FATH, Defendant–Appellee.

Nos. 76621 76622.

Court of Appeals of Oklahoma,
Division 2.

Feb. 9, 1993.

Roger R. Williams, Joseph F. Clark, Jr., Williams, Clark, Baker, Howard and Earl, P.A., Tulsa, for appellants.

BRIGHTMIRE, Judge.

The sole issue raised in these consolidated cases is one of law and is whether an insurance company has a legal right to seek enforcement of its subrogation interest in a lawsuit brought in the name of its insured.

The trial judge held it could not. We hold, however, it can and reverse the judgments.

I

The journal entries state that on September 18, 1990, the two causes came on for trial. After reciting the appearances of parties and attorneys, the court stated the following in the Patton journal entry:

"After hearing all of the evidence the Court finds that the Defendant is liable for the accident of October 10, 1989. However, in the Plaintiff's prayer [of] $860.00 are monies that were spent by Allstate Insurance Company the insurance company for the Plaintiff. That Allstae [sic] Insurance Company is not a party to this lawsuit and for this reason the Plaintiff should only recover as damages the amount of $100.00 [the deductible]. The Court does find that the reasonable amount of the total damages is $960.00.

"IT IS THEREFORE ... DECREED that the Plaintiff is entitled to judgment in the amount of $100.00 plus costs and a reasonable Attorney fee."

Plaintiff Duca's journal entry is identical save for the name of defense counsel and the insurance carrier, the date of the acci-

dent, the amount of damage found to be reasonable and a finding that a reasonable attorney fee is $50.

Following this, each party filed a motion for a new trial. In the orders overruling them the trial court stated that each plaintiff:

"stands on its proposition that 12 O.S. Section 2017 subparagraph D and the committee comments found in the annotated statutes state that it is proper for an insurance company with subrogation interest to be included in a lawsuit brought by its insured. The Court stands on its original ruling that the insurance company cannot recover its subrogation loss in a lawsuit brought in the name of its insured only and that the only damage is proper [*sic*] in this matter is the deductible of the Plaintiff."

The plaintiffs appeal. They filed a brief advancing a single proposition of error.[1]

## II

■ The error assigned may be framed this way: The trial court erred in reducing the amount of the plaintiffs' recovery by the amount they had previously received from their insurance carriers.

We agree. The law in effect when subject claims arose is found in 12 O.S.1991 § 2017. It requires all actions to be prosecuted in the name of the real party in interest. Subsection (D) of this statute deals specifically with the transfer of claims by subrogation. The statute became effective November 1, 1984, and reads as follows:

"D. ASSIGNMENT AND SUBROGATION OF CLAIMS. The assignment of claims not arising out of contract is prohibited. However, nothing in this section shall be construed to affect the law in this state as relates to the transfer of claims through subrogation."

The plain language of the last sentence makes it obvious that the legislature intended to leave undisturbed existent common law relating to subrogation rights. Such law is adequately summarized in *Dippel v. Hunt*, 517 P.2d 444 (Okl.App.1973).

In *Dippel*, after reviewing several insurance indemnity cases, we noted that a section of the insurance code[2] was early on held to have, in effect, modified the anti-assignment law by prescribing that certain standard insurance policy forms contain an authorization for the insured to assign his right of recovery against other parties to the extent of the loss paid by the insurer.[3] And since there can be but one cause of action or claim against a tortfeasor which may not be split, the high court has fashioned the following general rule in *Harrington v. Central States Fire Ins. Co.*, 169 Okl. 255, 36 P.2d 738, 740 (1934), 96 A.L.R. 859 (1935):

"Where an insurance company pays to the assured a loss occasioned by the wrong of a third party, and the value of the property destroyed ... exceeds the amount paid by the insurance company, the assured may maintain an action in his own name against the wrongdoer and receive the full amount of the loss."

The court goes on to point out that if the insurer pays the entire loss then the victim has no further interest in the claim and the insurer may seek recovery in its own name.

## III

We conclude that since the assured in each of the claims involved here had a recoverable unindemnified loss, each was a proper party to bring the actions for the full amount of his losses.

It was therefore error in each of these companion cases to render judgment for

---

1. The attorneys representing the defendants at trial have failed to enter an appellate appearance and therefore this matter is submitted for adjudication on the basis of the appellants' briefs only pursuant to the rules of civil appellate procedure and order of the supreme court dated April 8, 1991.

2. Ch. 51, art. 3, O.S.1931 § 10557, now 36 O.S. 1991 § 4803.

3. *Great American Ins. Co. v. Watts*, 393 P.2d 236 (Okl.1964).

less than the full amount of the damage which the court found each of the plaintiffs had sustained.

Both judgments are reversed and the claims are remanded with directions to grant each plaintiff a judgment for the full amount of damage which the trial court found to have been sustained.

Reversed and remanded with directions.

REIF, V.C.J., and RAPP, P.J., concur.