## FRANCIS v. ERWIN et al.

No. 25698.  May 21, 1935.

Frank C. Crouch, for plaintiff in error.

M. F. Jones, for defendants in error.

PER CURIAM. This is an action upon a promissory note for the sum of $90, with interest and attorneys' fees. The note bore date of January 24, 1925, and was payable eleven months after date to the order of plaintiff in error, and the names of the defendants in error appeared thereon as makers. The verified answer contained a denial that W. H. Erwin executed the note, with a general denial, a plea that in February, 1930, upon defendants calling at the office of plaintiff to make some arrangement for settlement of said note, defendants were advised by the plaintiff that the statute of limitations had run against said note and that more than five years expired since the giving thereof, and that defendants then agreed orally with the plaintiff to give plaintiff a certain cow in full settlement of the note, which plaintiff agreed then and there to accept, and agreed to call at defendants' place for said

cow, which cow the defendants tendered to the plaintiff. The district court excluded evidence offered to support the alleged agreement with respect to giving a cow in settlement upon the note, upon the theory that it was an unexecuted oral contract. The case was tried upon the issue of whether or not the date of the note had been altered by changing the year from 1924 to 1925, it being claimed by the defendants that it had been so altered, and the statute of limitations had run against the action.

The plaintiff did not, during the trial, challenge the sufficiency of the evidence offered by defendants, either by a demurrer to the evidence or by a request for an instructed verdict at the close of all of the evidence; neither did the plaintiff except to any of the instructions given by the court to the jury.

The motion for new trial alleges only three grounds: First, that the verdict is not sustained by sufficient evidence; second, that it is contrary to law; and third, that it is contrary to the law and to the evidence.

The assignments of error in this court allege that the court erred in overruling the motion for new trial; in admittting evidence; in excluding evidence; and in not rendering judgment for the plaintiff in error on the pleadings.

In the brief, filed on behalf of the plaintiff in error, no separate specifications are set forth with the argument and authorities in support of such specifications as required by Rule 10 of this court. The argument contained in the brief aims solely at the insufficiency of the evidence to sustain the verdict.

1. When a party acquiesces in the submitting of the issues to a jury, without either demurring to the evidence or asking an instructed verdict, or otherwise attacking the sufficiency of the evidence, he cannot, in this court, successfully claim that the evidence does not support the verdict, even though assigned in the motion for new trial as grounds therefor. Cosden Pipe Line Co. v. Seybold, 168 Okla. 36, 31 P. (2d) 605; Render v. Richardson, 168 Okla. 122, 31 P. (2d) 923; Oklahoma Union Ry. Co. v. Mitchell, 105 Okla. 152, 231 P. 1062; Bohnsack v. Ponca City Dev. Co., 167 Okla. 177, 29 P. (2d) 61; White v. Hughes, 145 Okla. 192, 292 P. 37; Sloan v. Anderson, 160 Okla. 180, 18 P. (2d) 274; Wagnon v. Shoptaw, 161 Okla. 291, 18 P. (2d) 868.

2. There is nothing in the case-made to show when, if ever, the action was commenced in the justice court. In fact, there is no recital contained therein to show that this cause was commenced in a justice court. On the contrary, the case-made recites that the action was instituted in the district court by the filing of the bill of particulars therein on February 10, 1931. There is nothing to show that the action was commenced within the statutory period after the maturity of the note; therefore, regardless of whether the note was originally dated in 1924, as defendants claimed, or in 1925, as claimed by the plaintiff, error is never presumed by this court, it must always be affirmatively shown by the record; and when this is not done, the judgment must be affirmed. American National Insurance Co. v. Robinson, 85 Okla. 64, 204 P. 269; Oklahoma City v. Sheldon, 87 Okla. 270, 210 P. 921; Harrison v. Williams, 95 Okla. 142, 218 P. 305.

3. The assignment of error that the court erred in not rendering judgment upon the pleadings for the plaintiff is not well taken. No motion for judgment on the pleadings was filed and presented, and no objection made to the introduction of evidence by the defendants on the ground that the answer did not state facts sufficient to constitue a defense.

In Bohart v. Mathews, 29 Okla. 315, 116 P. 944, Judge Williams, referring to an assignment of error, that the court erred in not rendering judgment on the pleadings for the plaintiff, said:

"As to the first proposition, neither was any motion made for judgment on the pleadings, nor any objection made to the introduction of evidence by the defendant on the ground that the answer did not state facts sufficient to constitute a defense. The plaintiff in error is therefore not permitted to raise that question on review in this court. Cobb v. Wm. Kenefick Co., 23 Okla. 440, 100 P. 546; Wey et al. v. City Bank et al., 29 Okla. 313, 116 P. 943 (decided at this term); Kaufman v. Boismier et al., 25 Okla. 252, 105 P. 326."

It is the general rule that in order to properly present a question to this court, the record must affirmatively show that the alleged error was presented to the trial court and either ignored or decided adversely to the complaining party; and, unless thus presented to the trial court and an opportunity there given to pass upon it, same will not be considered on appeal. Marshik v. Farmers Union Co-op. Exchange, 123 Okla. 76, 250 P. 136; Weil & Gatling v. Caddel & Jacobs, 135 Okla. 206, 275 P. 345; Prince v. Atchison.

Topeka & S. F. R. Co., 133 Okla. 90, 271 P. 245. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys J. L. Hull, Robert D. Hudson, and Elton B. Hunt in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hull and approved by Mr. Hudson and Mr. Hunt, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.