## McMAHAN et al. v. McCAFFERTY.

No. 34364.   Jan. 29, 1952.

*240 P. 2d 443.*

Butler & Rinehart, Oklahoma City, for plaintiffs in error.

Satterfield, Franklin & Harmon for defendant in error.

PER CURIAM. The defendant in error sued the plaintiffs in error, and upon trial a verdict was returned for the plaintiffs in error. A timely motion for a new trial was filed by the defendant in error, which was sustained, and a new trial ordered. From this order the plaintiffs in error appeal. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged, in substance, that, while the defendant, Joe McMahan, was operating a truck under a Class "B" permit in hauling grain from the field of the plaintiff to an elevator, a fire broke out and destroyed wheat belonging to the plaintiff in the value of $2,941.65, for which he prayed judgment. The petition originally pleaded a penalty by virtue of §741, c. 18, Title 2, O.S. 1941: but subsequently the plaintiff voluntarily struck this allegation from his petition.

The petition also alleges that the Tri-State Casualty Company, a corporation, insured the defendant, Joe McMahan, in the sum of $1,000 and issued its policy accordingly, as a condition precedent to securing the Class "B" permit.

The defendants filed separate motions to make the petition more definite and certain, which were overruled; and thereafter they filed their separate motions to dismiss, which were overruled; and subsequently they demurred to the petition, which was overruled. To all of the rulings the defendants reserved an exception. Thereafter the defendants filed their separate answer, to which the plaintiff replied. The defendant, Joe McMahan, filed a cross-petition against the plaintiff, in which he states that as a result of the fire occurring in plain-

tiff's wheat field the truck belonging to him was totally destroyed, for which he prays judgment in the amount of $2,200. A demurrer to the cross-petition was overruled, and an answer filed thereto.

The case was tried to a jury, and at the close of the evidence the defendants demurred to the evidence, which was overruled and exceptions saved. The demurrer of the plaintiff to the evidence of the cross-petitioner was sustained. No exceptions were taken to any of the instructions given by the court. A verdict was returned for the defendants. Afterwards the plaintiff filed his motion for a new trial, which was sustained, and from which order and judgment the defendants appeal.

The evidence on the part of the plaintiff, in substance, shows that the defendant, Joe McMahan, was employed by the plaintiff to haul grain from the combines to an elevator located in the town of Calumet, Oklahoma; and that it was necessary to travel a farm-to-market road for a distance of about a quarter of a mile to the elevator; and that, while so engaged, a fire broke out and destroyed some uncut grain belonging to the plaintiff and approximately 100 bushels of wheat loaded on the truck at the time; and that the value of the wheat so destroyed was $2,941.65; and that the plaintiff had been paid the full amount by an insurance company.

The defendants, in Proposition One, contend that the court erred in overruling their motions to dismiss on the theory that the defendant, McMahan, at the time of the alleged injury was not operating as a Class "B" motor carrier, pursuant to the provisions of 47 O. S. 1941, §§161 to 169, in that he was not using the public road or highway. This contention is without merit. The Tenth Circuit Court, in the case of Commercial Standard Insurance Co. v. Bacon, 154 F. 2d 360, in passing upon a similar situation says:

". . . .It is not necessary, however, that the vehicle must be in actual operation or use upon the highway at the time the loss occurs in order to constitute an operation or use of the highway. It is sufficient if the operation or use of the vehicle from which the loss occurs has a proximate and necessary connection with an actual operation or use of the vehicle upon the highway."

The evidence shows, without contradiction, that the plaintiff had been paid in full for all damage he had sustained by reason of the fire, and under the holding of this court, in the case of Harrington v. Central States Fire Insurance Co., 169 Okla. 255, 36 P. 2d 738, it is held that, where an insurance company pays to the assured a loss occasioned by the wrong of a third party and the value of the property destroyed by the fire exceeds the amount paid by the insurance company, the assured owner may maintain an action in his own name, or he may maintain an action jointly with the insurance company paying the loss, and as trustee for the use and benefit of such company, against the wrongdoer, and recover the full amount of the loss; but where an insurance company pays to the assured a loss occasioned by the wrongdoing of a third party and the value of the property destroyed by the fire does not exceed the amount paid by the insurance company, the insurance company may bring an action in its own name against the wrongdoer and recover the value of the property destroyed. Under this rule the plaintiff was not entitled to recover any amount, having been paid in full by an insurance company; and the action should have been brought, either by the insurance company in its own name, or by the plaintiff as trustee for the insurance company. See 12 O.S. 1941 §221.

The question of whether the demurrer of the defendants to the plaintiff's evidence should have been sustained raises the question of whether there was any evidence of primary negligence on the part of the defendant, McMahan. As

said in the case of Harrington v. Central States Fire Insurance Co., supra:

"In every case involving actionable negligence, where the alleged wrong is not willful and intentional, there are of necessity three constituent elements to its existence: (1) The existence of a duty on the part of the person complained against to protect the complainant from the injury of which he complains; (2) the failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure of the defendant; and where a petition fails to show these three elements, a general demurrer thereto should be sustained."

In Stanolind Oil & Gas Co. v. Klaus, 193 Okla. 409, 144 P. 2d 955, the court, quoting from the case of Chicago, R. I. & P. R. Co. v. Wainscott, 103 Okla. 187, 229 P. 808, says:

"Where there is no evidence reasonably tending to show that a party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury, and where the evidence fails entirely to show primary negligence, the court should sustain a demurrer and instruct a verdict for the defendant."

There is no evidence in this case that the defendant, McMahan, was negligent in any respect, and no showing that the fire which destroyed the truck, belonging to the defendant, and the wheat, belonging to the plaintiff, was caused by any act of negligence or carelessness on the part of the defendant. In fact, it is not known what caused the fire. The evidence shows that the defendant had, only a few days previously, had the truck completely overhauled; and the evidence shows without dispute that it was in good condition. Under these circumstances, the plaintiff would not be entitled to recover, and the trial court should have sustained the demurrer to the evidence.

Ordinarily, the trial court has a wide discretion in passing upon a motion for a new trial, and this power will not be disturbed by this court, unless the trial court acts in an arbitrary manner or abuses its discretion.

In Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 P. 563, it is said:

"It is true that the granting of a new trial in a case is largely within the reasonable judicial discretion of the trial court, and this court will not reverse an order granting a new trial unless error is clearly established in respect to some pure, simple and unmixed question of law. . . On the other hand, where it appears from the record there was no sufficient ground for a new trial alleged by the complaining party, and the record shows no legal ground for ordering a new trial, this court will presume that none existed, and that the trial court abused its discretion in making the order, and will reverse the same."

Also, in Russell v. Margo, 180 Okla. 24, 67 P. 2d 22, it is said:

"While we recognize the rule that the trial court has a very broad discretion in the granting of new trials, we likewise declare the rule to be that if in granting a new trial the trial court acts arbitrarily or abuses its discretion, or if it, in granting such new trial, errs in some unmixed matter of law, its order will be reversed.

"We hold that in this case the record discloses that in granting the motion of the plaintiff for a new trial, the trial court acted in an arbitrary manner, and clearly abused its discretion."

The order of the trial court in granting a new trial is therefore reversed, with instructions to said court to enter an order overruling and denying said motion.

This court acknowledges the services of Attorneys C. B. Holtzendorff, G. Raymond Bassman, and Jack L. Rorschach, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

660

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., dissents.