**AETNA CASUALTY & SURETY COMPANY,**
a corporation, Appellant,

v.

**ASSOCIATES TRANSPORTS, INC., a corporation and Transit Casualty Insurance Company, a corporation, Appellees.**

No. 44014.

Supreme Court of Oklahoma.

June 12, 1973.

Ross, Holtzendorff & Bond by William W. Wiles, Jr., Oklahoma City, for appellant.

Watts, Looney, Nichols & Johnson by R. D. Looney, Oklahoma City, for appellees.

BERRY, Justice:

This case was tried to a judge alone on stipulated facts.

Plaintiff's assured sustained personal injury and property damage when Associates Transports, Inc.'s truck collided with her automobile. Damage to her automobile amounted to $653.49. The insurance policy provided $100 deductible collision coverage and contained a subrogation clause. Plaintiff paid $553.49 to the assured, and, on January 14, 1966, notified Associates it had paid the loss and was claiming subrogation rights. Plaintiff, thereafter negotiated with Schwab, Associates' adjuster.

On March 31, 1966, the assured sued Associates for personal injuries and all property damage arising out of the accident.

Schwab wrote plaintiff stating he assumed assured's attorney represented plaintiff's interest because the petition included all physical damage to the car.

Plaintiff then wrote assured's attorney that he need not file suit for the subrogated amount because plaintiff would submit its claim for arbitration pursuant to an arbitration agreement. Schwab received a copy of this letter before May 20, 1966. The assured's attorney was not employed by plaintiff.

On June 20, 1966, the assured settled her claim and executed a general release. Pursuant to her motion the court dismissed her action with prejudice. The settlement was made without notice to plaintiff, and without obtaining a release from plaintiff.

Plaintiff then filed this action against Associates and its insurer, Transit Casualty Insurance Company, to recover the $553.49 it had paid to its assured. By answer defendants pleaded the prior suit involving identical property damage, the settlement and the general release executed by the assured. In its reply plaintiff alleged that prior to June 20, 1966, it had given notice to Schwab of its subrogated interest.

The trial court entered judgment for defendants. The Court of Appeals reversed and directed the trial court to enter judgment for plaintiff in the amount of $553.49 and costs. We grant certiorari.

Defendants contend plaintiff's rights against Associates were extinguished by the release and dismissal order because plaintiff, as subrogee, stands in the shoes of its assured; that if plaintiff desired to protect its rights it should have intervened in the assured's action; and the present suit should not be allowed because it seeks to recover the same damages paid in the prior suit and because the rule against splitting a cause of action prohibits a second suit on the same cause of action. They contend plaintiff's remedy is against its assured.

For reasons hereinafter discussed we hold plaintiff, upon paying the loss, became

subrogated, to the extent of the amount paid, to the assured's right of action against the tortfeasor; plaintiff is entitled to maintain this action in its own name; the release executed by the assured did not defeat plaintiff's subrogation rights; and the rule against splitting a cause of action does not prevent plaintiff from maintaining this action.

Plaintiff's policy contained the following clause:

"In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefore against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

It has been held an automobile collision insurance policy is a contract of indemnity. City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836 [disapproved on other grounds, Ellis Canning Co. v. International Harvester Co., 174 Kan. 357, 255 P.2d 658]. In Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, we stated with reference to contracts of indemnity:

"The policy of insurance issued by the plaintiff on the property destroyed was a contract of indemnity, and the plaintiff, upon paying the loss, became, without any formal assignment or any express stipulation to that effect in the policy, subrogated, to the extent of the amount paid, to the assured's right of action against the defendant to recover such loss.

"This was the rule of the common law, but a suit to enforce such right could only be brought by the assured, and could not be brought by the insurance company paying the loss."

We have found no cases wherein we held that an insurer, who makes payment pursuant to a property indemnity insurance policy, does not become subrogated, to the

extent of the amount paid, to the assured's right of action against the tortfeasor.

■ Therefore we conclude that plaintiff, upon paying the loss, became subrogated, to the extent of the loss paid, to the assured's right of recovery against Associates.

However, Harrington v. Central States Fire Ins. Co., supra, indicates that at common law the insurer was not entitled to maintain an action in its own name.

12 O.S.1971 § 221, provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; *but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.*" [emphasis added]

■ The real party in interest is the party legally entitled to the proceeds of a claim in litigation. C & C Tile Co. v. Independent School D. No. 7 of Tulsa County, Okl., 503 P.2d 554. In the case before us the assured has been fully compensated for her loss. Only plaintiff is entitled to any proceeds recovered and therefore plaintiff is the real party in interest. Therefore, plaintiff should be allowed to maintain this action in its own name unless allowing plaintiff to do so would constitute "the assignment of a thing in action not arising out of contract."

We have held the emphasized portion of § 221 prohibits assignment of a cause of action arising out of a pure tort. Kansas City, M. & O. R. Co. v. Shutt, 24 Okl. 96, 104 P. 51. Plaintiff's action is based upon the negligence of Associates in operation of its truck and does arise out of a pure tort. Hardware Dealers Mutual Fire Ins. Co. v. Krueger, Okl., 486 P.2d 737. However, plaintiff's subrogation rights came into existence pursuant to the contract of insurance which existed prior to the time the assured's cause of action arose, rather than pursuant to an assignment made after the cause of action arose. Therefore, the question arises whether § 221 prohibits the transfer of a cause of action by subrogation as well as by assignment. Our prior cases on this point are in conflict.

In cases involving fire insurance we have stated a subrogee could not maintain an action in his own name at common law, and that § 221 carried forward the principle that a cause of action arising from a pure tort is not assignable. Harrington v. Central States Fire Ins. Co., supra. These cases then state that the standard fire insurance policy set out in the statutes permits assignment of a cause of action for wrongful destruction of personalty by fire where the insurer has paid the loss and the insurer-subrogee may maintain an action in its own name where the loss of the insured has been fully satisfied by payment by the insurer.

Therefore, these cases support an argument that § 221 prohibits the transfer of a cause of action by subrogation in cases not involving fire insurance.

Furthermore, in Hardware Dealers Mutual Fire Ins. Co. v. Krueger, supra, we considered a factual situation distinguishable from the present situation only on the ground it involved medical expenses paid to the assured pursuant to an automobile insurance policy. There we stated there is no distinction between the effect of subrogation and assignment, in that both attempt to change by transfer the person entitled to enforce a personal injury claim, and reasons of policy which make certain causes of action non-assignable operate as forcefully against the transfer of such causes of action by subrogation. We then held that § 221 prohibited the insurer from maintaining the action in its own name, whether as subrogee or assignee. We did not specify the reasons of policy involved.

However, in other cases we have indicated that § 221 does not prohibit the transfer of a cause of action by subrogation in cases involving other types of indemnity insurance.

In Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257, the employer's insurance carrier paid a workman's compensation award

to an employee who was injured in a car wreck, and then sought to recover from the other driver. A statute allowed the claim to be assigned, but defendant asserted it had not been properly assigned. We refused to answer that question, stating:

"We * * * hold that independent of any provision in our Workmen's Compensation Law, said insurer was subrogated to the claim of the injured workman as against the defendant tortfeasor whose negligence was responsible for the injuries sustained by the employee, and was thereby entitled to maintain this action in its own name."

[But see Updike Advertising System v. State Industrial Comm., Okl., 282 P.2d 759, indicating that workmen's compensation insurance is in the nature of accident insurance, rather than indemnity insurance, and therefore no right of subrogation exists in the absence of statute.]

Also, our decisions in McCoy v. Moore, 185 Okl. 253, 91 P.2d 87, and Great Western Motor Lines v. Cozard, Okl., 417 P.2d 575, indicate that in cases not involving fire insurance a subrogee may maintain an action in his own name if the loss of the insured has been fully satisfied.

Furthermore, § 221 was adopted from a Kansas statute which has since been repealed. In City of New York Ins. Co. v. Tice, supra, defendants contended the statute prohibited an insurer from maintaining an action in its own name even though the insured's loss had been fully satisfied. There that court stated:

"* * * the situation thus presented is * * * different from that of an * * * assignment to a third party of a right of action after a tort has been committed. Under the common law the assignment of right of action in certain classes of tort was condemned. Champerty was penalized under a public policy which sought to restrain 'the traffic of merchandising in quarrels, of huckstering in litigious discord.' * * * the reasons in which the ancient doctrine

was rooted have not been considered applicable to indemnity insurance. Distinction between the two kinds of cases is obvious. In one there is an assignment, after loss, to a third party, a volunteer, who was under no obligation to the assignor. In the case of the prior insurer, on the other hand, there had been an assumption of liability which would mature into right of action against the insurer whenever loss should occur. In the case of an attempted assignment after loss the consideration therefor moves from the assignee to the assignor. In the case of the prior insurer the consideration— the premium—moves in the opposite direction, from insured to insurer. The two cases are clearly different, both in their inherent character and in their relation to the public good. * * *"

See also Imel v. Traveler's Indemnity Company, Ind.App., 281 N.E.2d 919, wherein the court construed a statute identical to § 221, supra, and held that it did not prevent the transfer of a cause of action by subrogation.

■ We conclude that § 221 does not prohibit the transfer of a cause of action by subrogation, and therefore overrule Harrington v. Central States Fire Ins. Co., supra, and cases following it, and Hardware Dealers Mutual Fire Ins. Co. v. Krueger, supra, and cases following it, insofar as they hold that § 221 prohibits the transfer of a cause of action by subrogation.

■ Since plaintiff is the real party in interest, and § 221 does not prevent the transfer of a cause of action by subrogation, we conclude plaintiff is entitled to maintain this action in its own name.

We next consider the effect of the release executed by the assured.

Numerous cases concerning an insurer's rights against a tortfeasor who settled with the insured after insurance was paid are collected in "Annotation—Insurer—Rights Against Third Persons", 92 A.L.R.2d 102, at pages 120 et seq.

At page 124 the author states:

"In suits by * * * insurance companies against wrongdoers * * * responsible for damage to insured property, a number of courts have. * * * recognized the general rule that where, after the insurer has paid the claim, the tortfeasor, with knowledge * * * of the insurer's payment * * * procures a * * * general release by voluntarily making a settlement with the insured to which the insurer is not a party and without the consent of the insurer, such release and settlement will not bar an action to enforce the insurer's right of subrogation, at least where the tortfeasor paid less than the full damages caused by his negligence. Some courts have described such attempted settlements as a 'fraud' upon the insurer, while others * * * have ruled that under such circumstances the operation will not destroy the insurer's right of subrogation, because the settlement will be viewed as having been made subject to * * * the insurer's rights."

If the assured and Associates intended to settle all claims arising out of the accident, recovery by plaintiff in this action would impose double liability upon Associates. However, the settlement was for a lump sum of $2,000 which was more than the amount paid by plaintiff, but less than the uninsured portion of the damages alleged in the assured's petition. If the assured intended to settle only the uninsured portion of the damages, and we deny plaintiff the right to recover from Associates, plaintiff will be entitled to recover from its assured, State Farm Fire & Cas. Ins. Co. v. Farmers Ins. Exchange, Okl., 489 P.2d 480, or will be required to bear the loss, and the tortfeasor will receive the benefit of the insurance.

■ We therefore conclude that after Associates received notice of plaintiff's subrogation rights, it could not defeat them by settling with the assured alone. Insofar as plaintiff's rights are concerned such settlement will be treated as an adjustment of the uninsured portion of the loss.

In paragraph 3 of the syllabus of Great American Insurance Company v. Watts, Okl., 393 P.2d 236, we held:

"A settlement by the insured with the wrongdoer for the amount of the loss in excess of the insurance only, does not affect the insurer's rights of action against the wrongdoer to recover the amount paid by the insurer."

Therefore, we find that the release does not affect plaintiff's right to maintain this action.

The rule against splitting a cause of action does not prevent plaintiff from maintaining this action.

■■ Only one cause of action accrued to plaintiff as a result of property damages and personal injuries resulting from the accident, Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906, and therefore, plaintiff had no right to maintain an independent action asserting its subrogation rights against Associates prior to the time assured executed the release. Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., Okl., 436 P.2d 654. However, the rule against splitting a cause of action is for the benefit of defendant, and he may waive its benefits, either expressly or impliedly. Empire Oil & Refining Co. v. Chapman, 182 Okl. 639, 79 P.2d 608.

In Bahn v. Shalev, D.C.Mun.App., 125 A.2d 678, the court stated:

"In [citation omitted] it was said:

" ' * * * when the defendant, chargeable with notice of plaintiff's rights * * * made a settlement with the [insured] to which the insurer was not a party, [he] must be regarded as having made such settlement subject to and with a reservation of the rights possessed by plaintiff, and with the implication of a consent that the rights of the two parties should become separated even though originally part of an indivisible cause of action.' "

Therefore, we conclude that defendants waived the benefits of the rule against splitting a cause of action.

In conclusion we find plaintiff is entitled to maintain this action in its own name, and its rights as subrogee have not been extinguished. It is stipulated that the accident resulted from Associates' negligence and that the total damage to the assured's car was $653.49, $553.49 of which was paid by plaintiff.

Therefore, the judgment of the trial court is reversed with instructions to enter judgment for plaintiff in the amount of $553.49 and costs.

WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., concurs in result.