**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Dozelle E. HUBBARD, Appellee.**

**No. 68061.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 13, 1988.

John H.T. Sheridan, Joseph A. Sharp and Jody Nathan, Tulsa, for appellant.

Richard D. Gibbon and Sherrie T. McAllister, Tulsa, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant State Farm Mutual Automobile Insurance Company (Insurance Company) filed this action as subrogee to the claims of its insured for damages arising from an automobile accident. Insurance Company paid its insured under the policy. Under the policy provisions it was then subrogated to the insured's claim for damages for the negligence of Defendant.

The insured filed a small claims action against Defendant seeking to collect for his non-insured losses consisting of the deductible amount under his policy and rental car charges. The insured received a judgment in the amount of $1,104.10. Andrew Morsman, an attorney representing Insurance Company, also represented the insured in the small claims action. After judgment, Mr. Morsman and the insured executed a Release and Satisfaction of Judgment in the small claims action in which the insured released Defendant "from all liability to,

and demand of, the undersigned in respect to said cause and judgment." Both the insured and Mr. Morsman signed the release.

Insurance Company, as subrogee of the insured, filed the present negligence action against Defendant to recover the $2,740.24 paid to its insured. Defendant denied she was negligent and further pleaded the release as a complete defense. She alleged the release was a general release of *all* the insured's claims in that it contained no reservation of the rights of Insurance Company for its subrogated claims. The trial court agreed and sustained Defendant's motion for summary judgment.

Insurance Company appeals citing *Aetna Casualty & Surety Company v. Associates Transports, Inc.*, 512 P.2d 137 (Okla.1973). We agree this case is controlling and accordingly reverse. *Aetna Casualty* holds that a "settlement by the insured with the wrongdoer for the amount of the loss in excess of the insurance only, does not affect the insurer's rights of action against the wrongdoer to recover the amount paid by the insurer."[1] The rule against splitting a cause of action does not prevent Insurance Company from maintaining an action in its own name against the tort feasor. Defendant is charged with notice of Insurance Company's rights. He must be regarded as having signed the release subject to and with a reservation of the rights possessed by Insurance Company and with the implication of a consent that the rights of the two parties were separated even though arising from an indivisible cause of action.[2] There is no evidence Mr. Morsman consented to the release of all claims by Insurance Company. He signed as attorney for the insured. The judgment released was the small claims action which admittedly covered only the non-insured losses.

The facts in *Aetna Casualty* are strikingly similar to those herein. Defendant attempts to distinguish that case by empha-

---

1. Citing *Great American Insurance Company v. Watts*, 393 P.2d 236 (Okla.1964).

2. *Aetna Casualty & Surety Company v. Associates Transports, Inc.*, 512 P.2d 137, 142 (Okla. 1973).

sizing that Mr. Morsman was the attorney for Insurance Company, thus Insurance Company was on notice of the release. This is unpersuasive as Morsman signed only as attorney for the insured. Defendant knew Insurance Company was claiming subrogation rights. There is no reason Defendant should receive the benefit of the insurance, to the detriment of Insurance Company.

The judgment of the trial court granting Defendant's motion for summary judgment is REVERSED and the cause REMANDED to the trial court for further proceedings.

HUNTER, P.J., and MacGUIGAN, J., concur.