John Turner **MEADORS**, Appellee,

v.

**Eugene E. MAJORS, and John Majors, doing business as Majors Production Company, Appellants.**

No. 81398.

Court of Appeals of Oklahoma, Division No. 3.

April 5, 1994.

Certiorari Denied June 2, 1994.

---

Hugh D. Rice, Oklahoma City, and Stanley Huser, Jr., Holdenville, for appellants.

Clay Bruce Pettis, Holdenville, for appellee.

## OPINION

GARRETT, Vice Chief Judge:

In July, 1981, John Turner Meadors (Appellee or Meadors) filed this action against Eugene E. Majors, Gary Majors and John Majors, d/b/a Majors Production Company (Appellants or Majors). In his first cause of action, Meadors alleged he was the mineral owner and surface owner of certain real property and Majors were owners/operators of a leasehold estate in the tract. A gas well was completed on this land. Meadors further alleged Majors had not properly paid the royalty due under the lease and demanded an accounting. In his second cause of action, Meadors sought payment for surface damages. On September 23, 1981, Majors filed a demurrer to the first first cause of action. The Court sustained the demurrer on October 16, 1981, and granted Meadors twenty days from the date of the order to amend his petition. The matter was on the disposition docket in November, 1981, and again in July. There is no record as to that

hearing except an appearance docket notation, "Not at issue", and a Court Minute from each disposition docket showing "Stricken; not at issue."

Five years later, in July, 1987, Majors filed a Motion to Dismiss for failure to prosecute. The Court did not dismiss but allowed Meadors to amend his petition. Meadors alleged in his amended petition that Majors had sold its interest to TXO Production Corp. (TXO), and TXO had been the operator of the gas well since May, 1987. Meadors once again alleged in his first cause of action, that he had not been paid all of the royalties due under the lease, and prayed the lease be declared null and void. In his second cause of action, Meadors demanded an accounting.

TXO denied the first cause of action except to admit the existence and validity of the lease. TXO alleged the amended second cause of action did not pertain to it and did not respond to it. TXO set out several affirmative defenses. Those defenses were: (1) Meadors' claim was barred by the doctrine of estoppel, laches, waiver and payment; (2) Meadors' claims were barred by the Statute of Limitations; (3) the oil and gas lease was a valid and subsisting lease; and, (4) the assignment from Majors to TXO was valid and subsisting. No separate answer from Majors is in the record on appeal.

The matter came on for non-jury trial, and judgment was entered for Meadors against Majors in the amount of $114,350.55 less applicable taxes plus interest. The following day, Majors filed a "Motion for Further Hearing" requesting a hearing to better establish the amounts of royalties and excess royalties, after withholding taxes, actually paid to Meadors by Majors. Attached to the motion were: (1) copies of cancelled checks in the total amount of $16,914.38; (2) check stubs totalling $1,365.56. In addition, Majors alleged they were attempting to retrieve copies of the checks matching the check stubs from banks; and, additional checks in the total amount of $2,000.00. The Court reviewed the additional evidence offered and reduced the judgment from $114,350.55 to $91,730.16, plus prejudgment and post judgment interest.

■ Majors appeals. Meadors raises the issue that Majors' alleged errors were not properly preserved pursuant to Rule 17, Rules for District Courts of Oklahoma, Title 12, Ch. 2, App. 1 and 12 O.S.1991 § 991(b), as the motion for further hearing was actually a motion for new trial. However, a review of the motion shows that it was not a request for reconsideration on the merits, but was a request for an extension of the hearing on the merits. The final judgment, after the "further hearing", was a lower amount because it included a deduction of applicable taxes. This did not raise new matters, but was contemplated by all parties and the court.

■ Majors first contends the court erred in failing to dismiss Meadors' claim and in allowing him to file an amended petition, six years after the demurrer had been sustained with no further pleadings having been filed in the matter. Majors relies on 12 O.S.1991 § 1083 which provides in pertinent part:

> ... any action which is not at issue and in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

Section 1083 gives the court the discretion to retain an action such as this where there is a showing of good cause. Majors has not met its burden to show an abuse of the Court's discretion.

■ Similarly, Majors contends the Court erred in failing to dismiss Meadors' claim because it was barred by laches and an inexcusable delay and lack of diligence in prosecuting the action. Majors contend the delay worked to its disadvantage because records were destroyed during the six year delay which was necessary to provide an accurate accounting. Majors further contend they provided a current accounting in 1982, but Meadors did not respond.

■ The applicability of the doctrine of laches depends on the facts and circumstances of each case and is never presumed merely from the lapse of time. *Parks v. Classen Co.*, 156 Okl. 43, 9 P.2d 432 (1932). Majors did not present evidence as to the time frame involved or the extent of the records lost. In fact, there are two differing accounts as to how the records were damaged. We cannot say the court abused its discretion or erred in allowing this action to proceed.

■ Next, Majors contends the court erred in entering judgment for 100% of the production from the Meadors well when Meadors only owned 50% of the mineral rights. However, evidence before the Court showed, and Majors did not dispute, that Meadors owned 100% of the mineral rights: 50% as John Turner Meadors, individually; 25% as Trustee for the Helen Meadors Trust; and, 25% as Trustee of the Reinette Meadors Crilley Trust. While Meadors was not specifically named as Trustee in the style of the action, he is owner of all the mineral rights (in his various capacities) in question. The court, in entering judgment, allocated 50% of the judgment amount to Meadors as an individual and 25% to him as Trustee of each Trust. We see no prejudicial error.

■ Majors further contends Meadors' legal actions as Trustee of both Trusts is barred by the five year Statute of Limitations governing written contracts. Majors contends Meadors commenced the action in 1981 in his individual capacity only. However, neither the original petition or the amended petition show Meadors to be acting in his individual capacity only. In fact, Meadors simply alleges he is "owner" of the mineral rights and entitled to royalty payments. The evidence disclosed that Meadors did own 100% of the mineral rights in his various capacities. Neither party cites any authority which requires a trustee, in filing an action in court, to describe himself/herself as a trustee. 12 O.S.1991 § 2017 A provides:

A. REAL PARTY IN INTEREST. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■ As best we can ascertain from the Appellate record, Majors did not raise the "real party in interest" contention until all parties had rested and the attorneys were making their closing arguments. In addition, it is well settled that a defense based on the statute of limitations is an affirmative defense which must be raised in the pleadings. Majors' motion to dismiss was based on failure to prosecute. Neither Majors' answer nor the pre-trial order (if one existed) was designated as a part of the Appellate record.

In entering judgment, the court apportioned the amount of the judgment to Meadors individually and to Meadors as trustee of the two trusts in the correct amount.

■ The "real party in interest" has been defined as the party legally entitled to the proceeds in litigation. See: *Aetna Casualty & Surety Company v. Associates Transports, Inc.*, 512 P.2d 137 (Okl.1973). The purpose of the "real party in interest" statute, so far as the debtor is concerned, is to assure him that he will not be subjected later to a second suit for the same cause. *Joplin v. Ely*, 365 P.2d 735 (Okl.1961).

It is the duty of the Appellant to show this Court that the trial court committed prejudicial error before a reversal is indicated. Insofar as any issue relating to "real party in interest" or the statute of limitations is before this Court for consideration, we see no prejudicial error. *Francis v. Erwin*, 172 Okl. 350, 45 P.2d 142 (1935).

**1170**

■ Finally, Majors contends the court erred in entering judgment for Meadors in his differing capacities in the amount of $91,730.16, since the money judgment is unsupported by evidence. In particular, Majors contends the court erred in allowing a former partner in the firm that filed the amended petition for Meadors to testify as an expert geological witness. The record shows the attorney was not "of record" at the time of trial and was not actively practicing law. The record does not show an objection by Majors at the time of trial. *Bane v. Anderson*, 786 P.2d 1230 (Okl.1990), holds that if an objection is not made at trial, the issue is not preserved for appeal.

AFFIRMED.

HUNTER, P.J., and BAILEY, J., concur.