**MUSKOGEE TITLE COMPANY, and United States Fidelity & Guaranty, Appellants,**

v.

**FIRST NATIONAL BANK & TRUST COMPANY OF MUSKOGEE, Appellee.**

No. 84421.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 21, 1995.

David S. Landers, Edwards & Landers, Tulsa, for appellants.

Juliet N. Brennan, D.D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, for appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Muskogee Title Company (Customer) and United States Fidelity and Casualty Company (Insurer, or collectively with Customer, Appellants) seek review of the trial court's order granting the motion to dismiss of First National Bank & Trust Company of Muskogee (Bank or Appellee) in Appellants' action for breach of contract and negligence. The matter stands submitted for accelerated appellate review on the trial court record under Rule 4(m), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

Customer maintained one or more checking accounts at Bank where Customer regularly deposited checks and other credit items. One of Customer's employee's, however, converted over $25,000.00 in Customer's funds at Bank by negotiating "split" deposits of checks made payable to Customer, i.e., deposit of a portion of the checks and receipt of the balance in cash, in spite of restrictive indorsements on the checks "for deposit only."

Customer maintained a fidelity insurance policy issued by Insurer covering losses from embezzlement by employees. Customer made claim on Insurer for loss, and Insurer paid Customer about $10,000.00.

Appellants then commenced the instant action against Bank, claiming (1) Bank's breach of contract in allowing Customer's employee to negotiate the "split" deposits in the face of the restrictive "for deposit only" indorsements, and/or (2) Bank's negligence in failing to inquire regarding the employee's power to negotiate Customer's deposit items for cash, for which Customer claimed damages for that part of the loss not covered by insurance and Insurer claimed damages in the sum paid to Customer under the fidelity policy. Bank moved to dismiss, asserting that 12 O.S.1991 § 2017(D) barred splitting of the claim for damages against Bank between the partially subrogated Insurer and Customer. Appellants responded, arguing that § 2017(D) prohibited only multiple *suits,* not multiple or subrogated *claims* asserted in the same action. The trial court agreed with Bank, and dismissed Appellants' claims. Appellants now appeal to this Court.

■ Oklahoma law has consistently recognized that a single tort or wrong to a single person gives rise to but a single action however numerous the items of damage resulting from the single wrong or tort may be. *See, e.g., Lowder v. Oklahoma Farm Bureau Mutual Insurance Company,* 436 P.2d 654 (Okla.1967); *Stanley v. Sweet,* 202 Okla. 448, 214 P.2d 906 (1950); *City of Altus v. Fletcher,* 193 Okla. 220, 142 P.2d 614 (1943); *Kansas City, M. & O. Ry. Co. v. Shutt,* 24 Okla. 96, 104 P. 51 (1909). To avoid multiple and potentially vexatious lawsuits against the defendant liable for such a single wrong, the law proscribes "splitting" of such a single cause of action or claim:

> [A] defendant has a right to be proceeded against in a single action by any injured party for his single wrong or tort, and that he is not to be subjected to defense of multiple actions arising from his single wrong or tort upon separate or separable items of damage arising from that single wrong or tort for which he has but a single liability.

*Lowder,* 436 P.2d at 658.

■ Oklahoma law has also consistently required that every action be prosecuted by the "real party in interest," that is, the party legally entitled to the proceeds of a claim in litigation. 12 O.S. § 2017(A); *Aetna Casualty & Surety Co. v. Associates Transports, Inc.,* 512 P.2d 137 (Okla.1973); *C & C Tile Co., Inc. v. Independent School Dist. No. 7 of Tulsa County,* 503 P.2d 554 (Okla.1972). While the law proscribes assignment of claims not arising from contract, interests acquired by subrogation do not violate this proscription, and thus, insurers subrogated to rights of their insureds by payment of claims may occupy the status of a real party in interest. 12 O.S. § 2017(D); *Aetna Casualty & Surety Co.,* 512 P.2d at 141.

■ In this regard, and on the one hand, Oklahoma decisions hold that where an insured suffers a loss occasioned by the wrong of a third party and the insured stands fully compensated for the value of the loss by the insurer, the fully subrogated insurer as the real party in interest may bring an action in its own name to recover to the extent of its payment for the loss. *Great American Ins. Co. v. Watts,* 393 P.2d 236 (Okla.1964); *McMahan v. McCafferty,* 205 Okla. 656, 240 P.2d 443 (1952). On the other hand, where the insured does not stand fully compensated for the value of the loss by insurer, Oklahoma decisions hold the insured, as a real party in interest, may properly bring an action in his own name and/or as trustee for the partially subrogated insurer to recover for the full amount of the loss. *See, e.g., Smith v. Yoho,* 324 P.2d 531 (Okla. 1958); *McMahan,* 240 P.2d at 446; *Stanley,* 214 P.2d at 909–910; *Harrington v. Central States Fire Ins. Co.,* 169 Okla. 255, 36 P.2d 738 (1934) (overruled on other grounds in *Aetna Casualty & Surety Co.,* 512 P.2d at 141); *Schaff v. Coyle,* 121 Okla. 228, 249 P. 947 (1925); *Kansas City, M. & O. Ry. Co.,* 104 P. at 54. Thus, absent waiver of the benefits of the claim-splitting proscription or full compensation of the insured for the value of the loss, a partially subrogated insurer may not maintain an action in its own name directly against the person causing the loss to recover on its subrogated interest, such a claim constituting an impermissible splitting of the insured's cause of action, potentially and improperly exposing the defendant to multiple lawsuits. *Aetna Casualty & Surety*

*Co.,* 512 P.2d at 142; *Lowder,* 436 P.2d at 658.

■ In this vein, the decisions also recognize that the insured and the subrogated insurer may join as co-plaintiffs in the same action against the defendant to recover for the entire loss. *McMahan,* 240 P.2d at 446; *Stanley,* 214 P.2d at 909–910; *Schaff,* 249 P. at 958–59; *Kansas City, M. & O. Ry. Co.,* 104 P. at 54. In each of these cases, and addressing the precise claim-splitting concerns voiced in *Lowder,* the Oklahoma Supreme Court reasoned that where the insured and insurer join as plaintiffs in a single action against the wrongdoer defendant, a judgment for or against the joined plaintiffs amply protects the wrongdoer from defense of other suits based on the same facts. Although Bank would distinguish the cited authorities as predating enactment of § 2017, we see nothing in § 2017 that changes extant Oklahoma law recognizing a subrogated insurer as a real party in interest and/or protecting a defendant from the effects of splitting of claims. *See,* "Committee Note to Section 2017 Concerning Legislative Changes," 12 O.S.A. § 2017 (West, 1993).

As applied to the instant case, then, we find no impermissible splitting of a cause of action as proscribed by *Lowder.* First, we find the cited decisions *permit* an insured and the insured's partially subrogated insurer to join as plaintiffs in a single action to recover on the single liability of the alleged wrongdoer, although we do not suggest that a defendant in state court may *compel* joinder of a partially subrogated insurer as al-lowed in the federal courts. *Cf.,* Rule 17, Federal Rules of Civil Procedure, 28 U.S.C. (1993); *Public Service Company of Oklahoma v. Black & Veatch,* 467 F.2d 1143 (10th Cir.1972), affirming *Public Service Company of Oklahoma v. Crane Company,* 48 F.R.D. 424 (N.D.Okla.1969); *Gas Service Company v. Hunt,* 183 F.2d 417 (10th Cir.1950). Second, Customer and Insurer, as voluntarily joined plaintiffs in the present case, will each be bound by a judgment on the merits of the asserted claims, and Bank will be amply protected from the multi-suit defense the claim-splitting proscription was designed to effect.

We consequently conclude the trial court erred in granting Bank's motion to dismiss. We therefore hold the order of the trial court dismissing Appellants' claims should be reversed, and the cause remanded for further proceedings.

The order of the trial court granting the motion to dismiss of Bank is therefore REVERSED, and the cause REMANDED for further proceedings.

HANSEN, P.J., and CARL B. JONES, J., concur.