1999 OK CIV APP 75

**OKLAHOMA QUARTER HORSE RACING ASSOCIATION,**
Plaintiff/Appellant,

v.

**REMINGTON PARK, INC.,**
Defendant/Appellee.

**No. 91,959.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

March 26, 1999.

Rehearing Denied April 30, 1999.

Certiorari Denied June 29, 1999.

Lauren LeBlanc Day, Oklahoma City, Oklahoma, For Appellant.

James A. Kirk, Oklahoma City, Oklahoma, For Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶1 Plaintiff/Appellant, Oklahoma Quarter Horse Racing Association, appeals an order granting Defendant, Remington Park's motion to dismiss Plaintiff's petition for failure to state a claim upon which relief can be granted. In assessing the sufficiency

of the petition, the oft-stated rule is that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle it to relief. *Niemeyer v. USF & G,* 1990 OK 32, 789 P.2d 1318, 1321.

¶2 It was alleged that Remington Park was required by rules of the Oklahoma Horse Racing Commission to deposit into an insured trust account race purse money, entrance money, jockey fees, etc. These are referred to as the Horsemen's funds. The account was to be designated as the Horsemen's Trust Account. Plaintiff alleges that Remington has failed and refused to place the Horsemen's funds in a separate trust account and, in fact, co-mingled the funds and converted them to their own use. The petition seeks damages in claims based on fraud, constructive fraud and conversion. It also seeks an injunction to force Remington to comply with the O.H.R.C. rules as to the treatment of the Horsemen's funds.

¶3 The petition contends that the Oklahoma Quarter Horse Racing Association (Plaintiff) "... is the duly elected Horsemen's Agent pursuant to Oklahoma Horse Racing Commission rule ...", and, as such, is entitled to bring this action.

¶4 Remington's motion to dismiss contends that Plaintiff, as the Horsemen's agent, did not allege that it is entitled to receive any of the purse money, etc. that Remington allegedly converted. Plaintiff did not allege that Remington had a duty to pay any of the Horsemen's funds to Plaintiff. In other words, Plaintiff is not the real party in interest.[1] As to the injunction claim, the motion contends that the O.H.R.C. rules do not authorize anyone other than the O.H.R.C. itself to enforce its rules. Remington's motion also argues that Plaintiff should have first sought relief from the O.H.R.C. and that exhausting such administrative remedies is a prerequisite to resorting to the courts.

---

1. Every cause of action must be prosecuted in the name of the real party in interest. 12 O.S. 1991 § 2017(A); *Muskogee Title Co. v. First Nat'l Bank & Trust Co. of Muskogee,* 1995 OK CIV APP 29, 894 P.2d 1148. The "real party in interest" is the party legally entitled to the proceeds of a claim in litigation. *Aetna Casualty & Surety Co.* *v. Associates Transports, Inc.,* 1973 OK 62, 512 P.2d 137, 140. The real party in interest rule is designed to protect the defendant by insuring that the party with the legal right to sue brings the action. *Mainord v. Sharp,* 1977 OK CIV APP 29, 569 P.2d 546, 548.

¶5 The petition is a little ambiguous in that in referring to the funds that allegedly have not been properly deposited, Plaintiff refers to them as the "Horsemen's funds", "Plaintiff's funds" and "Plaintiff's property". Plaintiff clears up this ambiguity in its response to Remington's motion to dismiss. Plaintiff states:

> "The Plaintiff does not contend that the Plaintiff is entitled to purse money, but rather, they are the duly elected Agent designated by the Oklahoma Horse Racing Commission to protect the interest of the horse owners and trainers who are entitled to receive these funds. Plaintiff does not seek as a remedy payment of funds to the Plaintiff, but rather payment of funds into the Horsemen's Trust Account."

¶6 In short, the funds are not Plaintiff's and Plaintiff is not entitled to them. That being the case, without more, Plaintiff is not the real party in interest and cannot sue for the funds' conversion. A plaintiff must either own the property or have a right to its possession before he may maintain an action for conversion. *See, Welty v. Martinaire of Okla., Inc.*, 1994 OK 10, 867 P.2d 1273, 1275; *Brown v. Oklahoma State Bank & Trust Co.*, 1993 OK 117, 860 P.2d 230, 233; *White v. Webber–Workman Co.*, 1979 OK CIV APP 6, 591 P.2d 348, 350. Obviously, the owner or one with an ownership interest is the party damaged if his property is converted.

¶7 The same is true for the fraud claim. The party bringing the action must be able to show he was damaged as a result of the alleged fraudulent acts. *McGuigan v. Harris*, 1968 OK 58, 440 P.2d 680, 682. In the instant case Plaintiff cannot do this. Nor is there anything about Plaintiff's status as the "Horsemen's Agent" which makes it the real party in interest. The petition makes no allegation and Plaintiff's response to the motion to dismiss provides no argument or authority for why Plaintiff, as Horsemen's Agent, was authorized to bring these claims on the Horsemen's behalf.

¶8 Regarding the request for injunctive relief, the petition again appears to miss the mark. Plaintiff seeks an order compelling Defendant to comply with O.H.R.C. rules. By statute, however, the O.H.R.C. is given the authority to enforce its rules.[2] No authority is given or found that would permit Plaintiff to bring an action to force another's compliance with O.H.R.C. rules.

¶9 For the above reasons, the order dismissing Plaintiff's petition is affirmed.

AFFIRMED.

HANSEN, P.J., and ADAMS, J., concur.

**2.** Title 3A O.S. Supp.1997 § 204(A)(3) provides: The Oklahoma Horse Racing Commission shall
. . .

3. Administer and enforce the provisions of the Oklahoma Horse Racing Act and the rules and regulations of the Commission;".