2000 OK CIV APP 38

**ALL COMP CONSTRUCTION COMPANY, LLC, Plaintiff/Appellant,**

v.

**Roy FORD d/b/a Triple A Plumbing & Heating, Defendant/Appellee.**

**No. 93,272.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 25, 2000.

Warren Gotcher, Gotcher & Belote, McAlester, Oklahoma, for Appellant.

Stephen C. Wilkerson, Wilkerson, Wassall & Warman, Tulsa, Oklahoma, and George Zellmer, McAlester, Oklahoma, for Appellee.

**OPINION**

GARRETT, Judge:

¶ 1 All Comp Construction Company, Plaintiff/Appellant (All Comp), a limited liability company,[1] was hired as general contractor to construct a building on property owned by Bettina Compton. All Comp subcontracted with Roy Ford d/b/a Triple A

1. See 18 O.S.1991 § 2000.

Plumbing and Heating, Defendant/Appellee (Ford), to install a septic system for the building. Subsequently, All Comp sued Ford for breach of the sub-contract, alleging that Ford was negligent in the installation of the septic system and that it had repaired Ford's bad job at its [All Comp] expense. All Comp also sought damages for mental stress and anguish.

¶ 2 Ford answered and filed a motion for summary judgment. Ford alleged All Comp was not the real party in interest because it did not own the premises upon which the building was being constructed. Ford also contended that since All Comp was not a "real person", it could not suffer mental stress and anguish. Ford attached evidentiary materials which showed All Comp to be the general contractor, and that the actual owner of the premises was Bettina Compton. In its response, All Comp alleged Bettina Compton was the owner of the real property, but that All Comp owned the improvements (the building) on the property because it had not yet transferred the improvements to Bettina Compton by bill of sale.

¶ 3 The court sustained Ford's motion for summary judgment. All Comp appeals and contends it is the real party in interest. The "real party in interest," is one in whose name the cause of action must be prosecuted, and is the party legally entitled to the proceeds of a claim in litigation. See, 12 O.S.1991 § 2017(A); *Oklahoma Quarter Horse Racing Association v. Remington Park, Inc.,* 1999 OK CIV APP 75, 987 P.2d 1216. The purpose of the "real party in interest" rule, so far as the defendant is concerned, is assurance that the defendant will not be subjected later to a second suit for same cause. *Meadors v. Majors,* 1994 OK CIV APP 53, 875 P.2d 1166. Here, All Comp is an interested party because it subcontracted with Ford to install the septic system, and it is responsible to the owner to properly construct the building. We do not hold that the owner is not a proper and necessary party. While it is not before us to decide, it is possible for the owner to have a cause of action against All Comp and/or Ford. It may become necessary, on remand, for the trial court to determine this question.

¶ 4 In this connection, 12 O.S.1991 § 2017(A) provides, in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Therefore, we hold that the trial court erred in dismissing All Comp's action against Ford on the ground that it is not the "real party in interest". We reverse this portion of the decision.

¶ 5 Finally, All Comp is a limited liability company. As such, its owners are entitled to certain legal rights and protections. It is a fictional "person" for legal purposes. All Comp has cited no authority which would allow it to be treated as a natural person that would be capable of experiencing emotions such as mental stress and anguish. The damages, if any, due to All Comp from Ford, are due to it as a fictional person, and may not be recovered by its owners who may or may not be natural persons. Compare *Wittenberg v. Fidelity Bank,* 1992 OK 165, 844 P.2d 155. All Comp's action against Ford for damages for mental stress and anguish was properly denied and that part of the judgment is affirmed.

¶ 6 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

¶ 7 JONES, P.J., and BUETTNER, J., concur.