PROVIDENT LIFE & ACCIDENT INSURANCE CO., a corporation, Appellant,

v.

Caren L. RIDENOUR, Appellee.

No. 77281.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 4, 1992.

Ronald C. Bennett, Tulsa, for appellant.

Jonathan K. Sullivan, Sanders, Sanders & Sullivan, Poteau, for appellee.

BAILEY, Presiding Judge:

Appellant, Provident Life & Accident Insurance Company, (Provident or Insurer) seeks review of an order of the Trial Court granting judgment to Appellee, Caren L. Ridenour, (Ridenour or Insured) in Provident's breach of contract action. Provident seeks reimbursement from Ridenour under Ridenour's group health insurance for medical bills paid by Provident to the extent Ridenour recovered therefor from Ridenour's other insurers.

Provident issued a group health insurance policy covering Ridenour. Ridenour also carried (as named insured) two personal motor vehicle insurance policies providing unsured/underinsured motorist (UM) coverage for which she paid premiums. In October 1988, Ridenour suffered injury in an automobile accident caused by a third party. Provident paid $6,657.68 to Ridenour for medical bills.

Ridenour subsequently collected approximately $56,000.00 under the UM provisions of her own motor vehicle policies. Provident brought suit seeking reimbursement of the $6,657.68 pursuant to the group health insurance policy and a repayment agreement executed by Ridenour. After non-jury trial, the Trial Court granted judgment to Ridenour. Provident appeals.

In its sole proposition of error, Provident again asserts entitlement to reimbursement from Ridenour for medical bills paid to the

extent Ridenour recovered therefor from her own UM policies, relying on specific provisions of the group health insurance policy and the repayment agreement executed by Ridenour. Provident's group health insurance policy provides:

### ACTS OF THIRD PARTIES

A special provision applies when you or a Dependent covered under the plan is injured through the act or omission of another person. When this happens, the Administrator will advance the benefits under the plan only on condition that you or a Dependent agrees in writing:

(1) To repay [Provident] in full any sums advanced to cover such expenses from the judgment or settlement you or a Dependent receives, and

(2) To provide [Provident] with a lien to repay [Provident] to the extent of medical benefits advanced by [Provident]. The lien may be filed with the person whose act caused the injuries, his agent, the court or attorney of the person insured under the plan.

The document executed by Ridenour, entitled Repayment Agreement—"Acts of Third Parties," further provided:

I agree that if Provident advances benefits to me or on my behalf for this injury or illness, I will repay Provident in full any sums advanced to cover such expenses from the Judgment or settlement I or my dependent receives. I further agree that Provident may file this instrument as a lien with the person whose act caused the injuries, his Agent, the Court or my Attorney.

Under these provisions, Provident argues that because it is entitled to recover from its insured, Ridenour, the proceeds collected from the insurer of the tortfeasor[1] and because the purpose of the uninsured motorist statute is to afford the same protection to a person injured by an uninsured motorist as he would have if the tortfeasor had himself carried liability insurance, Provident is entitled to be reimbursed by Ridenour from the proceeds she collected under her separate UM policies.

 The issue is whether Ridenour breached the terms of the contract of insurance between Ridenour and Provident. In that regard, a contract must be interpreted as to give effect to the intention of the parties at the time of the contracting,[2] intent of the parties to be determined from the terms of the contract itself.[3] Printed contracts such as the insurance policy in question are to be interpreted most strongly against the party preparing the form, in this case, the insurer, Provident.[4]

 Reading the two repayment provisions together,[5] we hold the contractual agreement between Provident and Ridenour clearly contemplates repayment by Ridenour from any settlement proceeds received, *but only* settlement proceeds from a third-party tortfeasor or a third-party tortfeasor's insurer. An uninsured motorist carrier does not automatically step into the shoes of the tortfeasor,[6] and we hold Provident not entitled to reimbursement for Ridenour's UM settlement proceeds, especially where, as here, the injured party, Ridenour, independently settled and collected under her own UM policies for which she personally paid the premiums.

The order of the Trial Court granting judgment to Ridenour is therefore AFFIRMED.

HANSEN, V.C.J., and HUNTER, J. concur.

1. *State Farm Fire & Cas. Inc. Co. v. Farmers Inc. Exch.,* 489 P.2d 480 (Okl.1971).

2. 15 O.S.1991 § 152.

3. *Amoco Production Co. v. Lindley,* 609 P.2d 733 (Okl.1980); 15 O.S.1991 § 154 and § 155.

4. *Continental Federal Savings and Loan Association v. Fetter,* 564 P.2d 1013 (Okl.1977).

5. *Mercury Inv. Co. v. F.W. Woolworth,* 706 P.2d 523 (Okl.1985).

6. *Barfield v. Barfield,* 742 P.2d 1107 (Okl.1987).