**Perry FIELDS, Plaintiff,**

v.

**FARMERS INSURANCE COMPANY, INC. and Government Employees Hospital Association, Defendants.**

No. CIV–91–2132–L.

United States District Court, W.D. Oklahoma.

May 24, 1993.

Rex K. Travis, Margaret E. Travis, Mary A. Travis, Todd W. Markum, Oklahoma City, OK, for plaintiff.

David H. Cole, Edmonds Cole Hargrave Givens & Witzke, James A. Jennings, III,

Holloway Dobson Hudson & Bachman, Oklahoma City, OK, for defendants.

## *ORDER*

LEONARD, District Judge.

This matter is before the court on cross-motions for summary judgment presented by plaintiff and defendant Farmers Insurance Company, Inc. ("Farmers"). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In this case, there is no factual dispute as the parties have stipulated to the facts necessary for the court to resolve the pending motions. *See* Plaintiff and Defendant Farmers Insurance Company, Inc. Stipulation of Facts (filed June 29, 1992).

Plaintiff, Perry Fields, was involved in a severe automobile accident on April 17, 1991. The accident was caused by the negligence of a third-party, Dean Owen Glasgow. Mr. Glasgow's insurance company tendered the limits of his liability insurance to plaintiff and Farmers has waived its subrogation rights against Mr. Glasgow. At the time of the accident, plaintiff had in full force and effect three insurance policies issued by Farmers. Two of the policies had stated bodily injury liability limits of $250,000 per person, while the third had limits of $50,000 per person. The policies also contained uninsured motorist ("UM") coverage of $10,000 per person.

On September 1, 1990, amendments to Oklahoma's statute governing uninsured motorist coverage became effective. 36 O.S. § 3636. The 1990 amendments mandated that insurance companies offer their insureds UM coverage up to the limits of liability. 36 O.S. § 3636(B). The statute also required insurance companies to offer such coverage in a form specified in the statute and to receive a written rejection of such coverage. *Id.* at § 3636(H). The amendments specified that "[e]ach existing policyholder shall receive the notice provided in subsection H of this section no later than the next policy renewal following the [one-year] phase-in period." *Id.* at § 3636(I).

According to the terms of plaintiff's insurance contracts with Farmers, each poli-

cy was renewed on December 4, 1990. Plaintiff contends that the 1990 amendments mandated that Farmers offer plaintiff UM coverage up to the limits of liability on the first renewal date after the effective date of the amendments, that is in December 1990. Plaintiff claims that because Farmers failed to do so, UM coverage to the limits of liability is deemed to arise as a matter of law.[1] Farmers counters that it provided the notice required by the 1990 amendments on June 4, 1991 and that such notice was timely under the statute.[2]

■ The court concludes that Farmers complied with the 1990 amendments. The statute required notice be given to plaintiff, who was an existing policyholder, no later than the first renewal date after August 31, 1991. *See* 36 O.S. § 3636(I).[3] Because Farmers provided the statutory notice on June 4, 1991, no violation of the statute occurred. Therefore, the court need not determine whether such a violation would give rise to UM coverage to the limits of liability as a matter of law.

Plaintiff's Motion for Summary Judgment is DENIED. Farmers' Cross–Motion for Summary Judgment is GRANTED.

It is so ordered.

### ORDER

This matter is before the court on plaintiff's motion for summary judgment against defendant Government Employees Hospital Association ("GEHA"). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c). In this case, there is no factual dispute; the parties have stipulated to the facts necessary for the court to resolve the pending motion. *See* Plaintiff and Defendant Government Employees Hospital Association Stipulation of Facts (filed Aug. 17, 1992).

Plaintiff, Perry Fields, was involved in a severe automobile accident on April 17, 1991. The accident was caused by the negligence of a third-party, Dean Owen Glasgow. Mr. Glasgow's insurance company tendered the limits of his liability insurance to plaintiff. At issue in this motion is GEHA's right of subrogation against the amount plaintiff received from Glasgow's insurer.

At the time of the accident, plaintiff was covered by a health insurance policy furnished by GEHA. Pursuant to its policy, GEHA has paid approximately $97,000.00 of plaintiff's medical bills that were incurred as a result of the accident. The GEHA policy provides:

SUBROGATION

Subrogation means the Plan's right to recover any of its payments (1) made because of any injury to you or your dependent caused by a third party and (2) which you or your dependent later recover from the third party or the third party's insurer.

SUBROGATION RIGHTS

If you or your dependent sustain an injury caused by a third party, the Plan will pay for the injury, subject to (1) the Plan being subrogated to any recovery or right of recovery you or your dependent has against that third party, including the right to bring suit in your name; (2) your

---

1. Thus, rather than receiving $30,000 in UM coverage, plaintiff would be entitled to $550,000 in UM coverage. Farmers previously tendered the undisputed amount of $30,000 to plaintiff. *See* Stipulation of Facts at ¶ 6.

2. While the court agrees that the notice given by Farmers was timely, it does not concur with Farmers' reasoning. Farmers argues that the 1990 amendments only required it to give notice if there was a change in named insureds, additional named insureds were included on the policy, additional vehicles that were not replacement vehicles were added to the policy or the amount of bodily injury liability coverage was amended. *See* Supplemental Brief in Support of Farmers'

Response to Plaintiff's Motion for Summary Judgment and Farmers' Cross–Motion for Summary Judgment at 3–4 (filed Oct. 5, 1992). Section 3636(I) unambiguously requires that insurance companies offer higher UM coverage to all existing policyholders by a date certain. *See* 36 O.S. § 3636(I).

3. This subsection provides "for a one-year phase-in period beginning September 1, 1990" and further provides that "[e]ach existing policyholder *shall* receive the notice provided in subsection H of this section no later than the next policy renewal following the phase-in period." 36 O.S. § 3636(I) (emphasis added).

not taking any action which would prejudice the Plan's subrogation rights; and (3) your cooperating in doing what is reasonably necessary to assist the Plan in any recovery. The Plan will be subrogated only to the extent of Plan benefits paid because of the injury.

Stipulation of Facts at ¶ 8.

Plaintiff does not dispute that the language of the policy provides for subrogation. Rather, plaintiff contends that GEHA is not entitled to subrogation in this instance, because allowing GEHA to recover the amount paid by Glasgow's insurer would leave plaintiff less than fully compensated for his loss. This issue, however, is governed by settled Oklahoma law,[1] which provides that a health insurer is entitled to recover from its insured the proceeds collected from a tortfeasor or its insurer. *See State Farm Fire & Casualty Inc. Co. v. Farmers Inc. Exch.*, 489 P.2d 480 (Okla.1971); *Provident Life & Accident Ins. Co. v. Ridenour*, 838 P.2d 530, 521 (Okla.App. 1992). Plaintiff's public policy arguments are

more appropriately addressed to the Oklahoma Legislature, not to this court.[2]

Plaintiff's Motion for Summary Judgment is DENIED. Nonetheless, judgment as a matter of law is appropriate in this case. The parties have stipulated to the material facts; thus, the court can "assume that there is no evidence which needs to be considered other than that which has been filed by the parties." *See Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690, 692 (10th Cir. 1981). In addition, interpretation of an unambiguous contract, such as the one at issue, is a question of law for the court. *Id.* at 695. Having reviewed the contract and the relevant case law, the court concludes that judgment should be entered in favor of GEHA.

It is so ordered.

1. GEHA contends that federal law should apply to the interpretation of the insurance policy at issue. Nonetheless, it concedes that the Court of Appeals for the Tenth Circuit rejected this argument in *Howard v. Group Hospital Service,* 739 F.2d 1508 (10th Cir.1984).

2. In 1971, the Oklahoma Legislature enacted a statute precluding automobile insurance policies from providing for subrogation against the named insured for payment of benefits under the medical services coverage portion of the policy. 36 O.S. § 6092. The statute does not, however, address the subrogation rights of plaintiff's

health insurer against recovery received from a third-party tortfeasor. *See Starrett v. Oklahoma Farmers Union Mutual Ins. Co.,* 849 P.2d 397, 399 (Okla.1993) (parties to health insurance contract may exclude coverage of medical benefits for on-the-job injuries. "Oklahoma law recognizes compelling public policy considerations for uninsured motorist coverage provisions which do not exist for med-pay provisions."). *See also Provident Life & Accident Ins. Co. v. Ridenour,* 838 P.2d 530, 531 (Okla.Ct.App.1992) (health insurer is not entitled to reimbursement from insured's uninsured motorist proceeds).