**ORAL ROBERTS UNIVERSITY,**
an Oklahoma corporation,
**Plaintiff,**

v.

**Travis ANDERSON, an individual, and Metroplex Properties, L.L.C., a Colorado limited liability company, Defendants.**

No. 95–CV–583–H.

United States District Court, N.D. Oklahoma.

Jan. 8, 1997.

Jack H. Santee, James E. Maupin, Moyers Martin Santee Imel & Tetrick, Tulsa, OK, for Oral Roberts University.

James E. Weger, Robert R. Peters, II, Jones Givens Gotcher & Bogan, Tulsa, OK, John M. McClure, Doylestown, PA, Richard D. Judd, Denver, CO, OK, for Travis Anderson.

Gary L. Richardson, Keith Allen Ward, Richardson Law Firm, Tulsa, OK, James E. Weger, Robert R. Peters, II, Jones Givens Gotcher & Bogan, Tulsa, OK, John M. McClure, Doylestown, PA, Richard D. Judd, Denver, CO, for Metroplex Properties, L.L.C.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Docket # 9), Plaintiff's Motion for Summary Judgment (Docket # 27), and Defendants' Motion for Summary Judgment (Docket # 46).

I.

For the purposes of this motion, the facts of this case are not in dispute. Plaintiff Oral Roberts University ("ORU"), as "Seller," and Defendant Travis Anderson, as "Purchaser," entered into a certain Option and Agreement for Purchase and Sale of Real Estate dated September 27, 1994, (the "Agreement"). On October 25, 1994, Mr. Anderson conveyed his interest in the Agreement to Defendant Metroplex Properties, L.L.C., a Colorado limited liability company ("Metroplex"), in which Mr. Anderson owns a majority interest. The three members of Metroplex were Anderson, John Dick, and Howard Messinger. Metroplex did not exercise the option provided in the Agreement on or before January 27, 1995.

In applicable part, section 2.2 of the Agreement provides as follows:

The term of the Option shall commence as of the date of this Agreement and shall expire at 5:00 PM Colorado local time on the fourth month anniversary date after the execution date of this Agreement ("Option Period"). In the event the Option is not exercised by Purchaser in accordance with the terms set forth in this Agreement, the Option shall automatically expire at the end of the Option Period as provided in this Section 2, and upon such expiration Seller shall return to Purchaser the Option Payment Promissory Note made by Purchaser, and Purchaser shall simultaneously execute and deliver to Seller a recordable instrument releasing the Option and all of Purchaser's rights under this Agreement, but not such rights, if any, as Purchaser may have under this Agreement to receive a return of the Option Payment Promissory Note.

In applicable part, section 2.1 of the Agreement provides as follows:

If Purchaser elects for any reason not to exercise the Option the Option Payment Promissory Note shall be returned to Purchaser, and all Parties shall be released from any further obligations to each other under this Agreement.

Section 13.2 of the Agreement provides the Purchaser with certain remedies, as follows:

In the event that any of Seller's representations or warranties contained herein are, or at or prior to Closing shall be, untrue in any material respect, or if Seller shall default in performing any one of Seller's obligations hereunder, or be in breach in any material respect of any agreement, covenants, term, representation or warranty herein, Purchaser may elect to terminate this Agreement, or to obtain specific performance thereof together with any and all damages to which Purchaser may be entitled to the extent not inconsistent with its remedy of specific performance. In the event Purchaser shall elect to terminate, Purchaser shall have the right to recover its damages and to the refund of the Option Payment. In the event of litigation, the prevailing party shall be entitled to recover its reasonable attorney's fees.

In applicable part, section 14.9 of the Agreement, provides as follows:

This Agreement and all exhibits attached hereto constitute the entire agreement between the Parties pertaining to the subject matter contained herein and supersede all prior and contemporaneous agreements, representations and understandings of either or both Seller and Purchaser. No supplement, modification or amendment to this Agreement nor any assurance, statement or representation shall be binding unless executed in writing by the party to be charged therewith.

## II.

Summary judgment is appropriate where "there is no genuine issue as to any material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Ins. Corp.*, 805 F.2d 342, 345 (10th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987), and "the moving party is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). In *Celotex*, the Supreme Court stated:

[t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322.

A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, Fed.R.Civ.P. 56(e), sufficient to raise a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

Summary judgment is only appropriate if "there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 250. The Supreme Court stated:

[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id.* at 252. Thus, to defeat a summary judgment motion, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 250 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)).

In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991).

### III.

Plaintiff contends that Metroplex's failure to exercise the option created by the Agreement on or before January 27, 1995, results in the expiration of the option on that date. Defendants respond in the first instance that, under section 13.2 of the Agreement, Defendants may bring an action for damages, notwithstanding Defendants' failure to timely exercise the option. The Court does not agree.

It is settled law in Oklahoma that the interpretation of an unambiguous contract is a question of law for the courts. *Devine v. Ladd Petroleum Corp.*, 805 F.2d 348, 349 (10th Cir.1986). Contracts must be interpreted so as to give effect to the parties intent at the time of contracting; generally, the terms of the contract indicate the parties' intentions. *Provident Life & Accident Ins. Co. v. Ridenour*, 838 P.2d 530, 531 (1992). The intentions of the parties to a contract must be deduced within the four corners of the instrument. *McEvoy v. First Nat'l Bank and Trust Co.*, 624 P.2d 559 (1980). Where no ambiguity exists, intent must be determined from the words used, absent fraud, accident, or pure absurdity. *Lindhorst v. Wright*, 616 P.2d 450, 453 (1980).

In the instant case, the Court finds that the Agreement is clear and unambiguous. Pursuant to section 2.2, the Option Period expired at 5:00 p.m. on January 27, 1994. Purchaser failed to exercise its option on or before that date. Therefore, under section 2.1, following the return of the Option Payment Promissory Note, "all Parties shall be released from any further obligations to each other under this Agreement."

Defendants' argument that they may seek remedies under section 13 .2, notwithstanding the unambiguous terms of Section 2.2 and 2.1, is unavailing. Assuming *arguendo* that Seller had failed to perform its obligations under the Agreement, the remedies specified in section 13.2 expressly grant Purchaser two choices: "Purchaser may elect to terminate this Agreement, or to obtain specific performance thereof together with any and all damages to which Purchaser may be entitled to the extent not inconsistent with its remedy of specific performance." In this case, Metroplex did not select either choice during the option period. Thus, any remedies specified in the Agreement are unavailable to Metroplex, since the Agreement has expired and is no longer in effect. If Defendants believed that the conduct of Plaintiff was interfering with their ability to receive the benefit of their bargain under the Agreement, section 13.2 clearly contemplates that Defendants should have exercised the option and brought an action for specific performance, plus "any and all damages to which Purchaser may be entitled to the extent not inconsistent with its remedy of specific performance." *Accord Bobo v. Bigbee*, 548 P.2d 224 (Okl.1976) (holding that only when an optionee has exercised his option may he be entitled to a decree for specific performance). Simply stated, once the option period expires, the Agreement by its own terms is terminated and the remedies previously available under section 13.2 are null and void.

In the alternative, Defendants argue that ORU is equitably estopped from asserting that the option term expired January 27, 1995, by virtue of certain statements by ORU President Richard Roberts at a meeting on January 18, 1995. The Court rejects this argument. First, there is no evidence in the record that at the meeting on January 18, 1995, Mr. Roberts made any representations that would have modified the obligations of either party under the Agreement.[1] Second, any purported oral modifications would have no force or effect as a result of section 14.9 of the Agreement, quoted above. Finally, Defendants have identified no authorities, and the Court has been unable to locate any, that would support the argument of equitable estoppel such that "ORU tolled all time for performance by Metroplex under the Agreement." Accordingly, this argument must fail.

Based on the above, the Court holds that, except for the return of the Option Payment Promissory Note, which has since occurred, all rights and obligations, including any otherwise available remedies under section 13.2,

---

1. Moreover, the Court notes that Plaintiff's counsel has represented that Mr. Roberts, as President, is not authorized to modify the obligations of ORU without the approval of the ORU Board of Directors.

expired at 5:00 p.m. on January 27, 1995. The refusal by ORU to perform under the Agreement following January 27, 1995, is not a breach of contract, because no contract was thereafter in effect. Following the return of the Option Payment Promissory Note, under Section 2.1, ORU was released from any further obligations under the Agreement. Therefore, Plaintiff's Motion for Partial Summary Judgment (Docket # 9) and Plaintiff's Motion for Summary Judgment (Docket # 27) are hereby granted. Defendants' Motion for Summary Judgment (Docket # 46) is hereby denied.

IT IS SO ORDERED.